FILED
CHARLOTTE, NC

MAR 23 2020

US DISTRICT COURT
WESTERN DISTRICT OF NC

3:20-cv-182-RJC

LEGRETTA F. CHEEK,

**Plaintiff,**

vs.

**BANK OF AMERICA, N.A., JOHN DOE,
GURSTEL LAW FIRM, P.C.,
WHITNEY M. JACOBSON,
JESSE VASSALLO LOPEZ, BROCK & SCOTT, PLLC,
BIRSHARI COOPER,**

**Defendants.**

TRAIL BY JURY
DEMANDED

## COMPLAINT FOR VIOLATIONS OF THE FDCPA

### I. NATURE OF THE ACTION

1.   Plaintiff bring this action for damages based upon Defendants violations of the Fair Debt
     Collection Practices Act 15 U.S.C. § 1692 *et seq* (hereinafter the "FDCPA", with further
     citations to the Act to take form "§___," omitting the prefatory "15 U.S.C."), which
     prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2.   Plaintiff seeks to recover statutory damages, out-of-pocket actual damages, costs and
     attorney's fees monetary damages for Defendants violations of the FDCPA.

### II. JURISDICTION AND VENUE

3.   Jurisdiction of this Court, over this action and the parties herein, arises under § 1692k(d)
     (FDCPA) and 28 U.S.C. §1331.

4.   Upon information and belief, personal jurisdiction is proper in this District because
     Defendants conduct business and/or reside in this District. Thus, exercise of personal
     jurisdiction over Defendants in this District comports with the due process clause.

5.     Venue lies in the Western District of North Carolina as Plaintiff claim arose from acts of the Defendants perpetrated therein 28 U.S.C. § 1391(b).

### III. PARTIES

6.     The Plaintiff in this lawsuit is LeGretta F. Cheek ("Cheek") a natural person who resides in Union County, North Carolina.

7.     Defendant Bank of America, N.A. ("BANA") is registered as BANK OF AMERICA, NATIONAL ASSOCIATION (successor by merger to FIA Card Services, National Association) as Servicer, is a national banking association. BANA is a corporation incorporated under the State of Delaware authorized to do business in the State of North Carolina through its principal executive offices located in the Bank of America Corporate Center, 100 North Tryon Street, Charlotte, North Carolina 28255, who is engaged in the business of attempting to collect an alleged "debt" as defined in §1692a(5).

8.     Defendant John Doe is an unknown entity or business.

9.     Defendant Gurstel Law Firm, P.C. ("Gurstel") is a Minnesota professional corporation.

10.     Gurstel is a consumer law firm whose attorneys regularly collect or attempt to collect debts owed or asserted to be owed or due another.

11.     Defendant Whitney M. Jacobson ("Jacobson") is a natural person, a licensed Arizona attorney, and was an employee of Gurstel at the time of the unlawful collection activity complained of herein.

12.     Defendant Jesse Vassallo Lopez ("Lopez") is a natural person, a licensed Arizona attorney, and was an employee of Gurstel at the time of the unlawful collection activity complained of herein.

13. Attorneys Gurstel, Jacobson, and Lopez, ("Gurstel Defendants") are adult individuals doing business in the State of Arizona.

14. Defendant Brock & Scott, PLLC ("Brock") is a North Carolina professional limited liability company.

15. Brock is a consumer law firm whose attorneys regularly collect or attempt to collect debts owed or asserted to be owed or due another.

16. Defendant Birshari Cooper ("Cooper") is a natural person, a licensed North Carolina attorney, and was an employee of Brock at the time of the unlawful collection activity complained of herein.

17. Attorneys Brock and Cooper ("Brock Defendants") are adult individuals doing business in the State of North Carolina.

## IV. FDCPA CLAIMS

18. Ms. Cheek is a natural person who is allegedly obligated to pay a debt which was incurred for personal, family, or household purposes.

19. Ms. Cheek is a "consumer" as that term is defined by § 1692a(3).

20. That the alleged debt which is the subject matter is a consumer "debt" as defined by § 1692a(5).

21. That the "communication" meaning the conveying of information regarding a debt directly or indirectly to any person through any medium is that term is defined by the § 1692a(2).

22. That Exhibits 4 and 5 are a "collection communication" as that term is defined by the § 1692a(2).

23. That BANA is a debt collector as that term is defined by the § 1692a(6).

24. That Gurstel is a debt collector as that term is defined by the § 1692a(6).

25. That Jacobson is a debt collector as that term is defined by the § 1692a(6).

26. That Lopez is a debt collector as that term is defined by the § 1692a(6).

27. That Brock is a debt collector as that term is defined by the § 1692a(6).

28. As a result BANA, Gurstel Defendants, and Defendants Brock are in violations of the FDCPA. Ms. Cheek has suffered actual damages, causing injuries not limited to low self esteem, personal humiliation, frustration, anxiety, embarrassment, and mental anguish.

## V. FACTUAL ALLEGATIONS

29. BANA is debt collector. It is well settled that BANA merely act as a Servicer for credit accounts that are issued under securitized portfolios of debt by BA Master Credit Card Trust II. [1] Similar types of accounts maybe sold forward to third- parties which Ms. Cheek alleges as John Doe.

30. John Doe is a debt buyer who buys portfolios of debts from creditors that are sold for a percentage of the combined debts' face value. When a creditor sells a portfolio of debts to John Doe, it may transfer only an electronic spreadsheet of fragmented data showing basic account information. John Doe may then collect the debts itself, hire third-party collectors to collect for it, resell some or all of the debts to another buyer, or some combination of these things. It is common for a debt to be sold a number of times—or to be placed for collection with multiple collectors—over a period of years. By the time collection efforts end, three, four, or even more collectors may have attempted to collect

---

[1] See *http://investor.bankofamerica.com/fixed-income/securitizations*; Fourth Amended and Restated Pooling and Servicing Agreement, and First Amendment to Fourth Amended and Restated Pooling and Servicing Agreement.

any given debt. [2] Accounts are not sold. Allege debts are sold, and any buyer of the allege debt has to generate a new account.

31.    Ms. Cheek incurred an alleged debt through a credit account with BANA.

32.    Ms. Cheek incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

33.    The alleged obligation arose from an allege credit account number ***********2536 issued by BANA in the amount of $34,139.70.

34.    Ms. Cheek subsequently defaulted on BANA allege credit account number ***********2536.

35.    After the alleged default, BANA hired Gurstel Defendants to bring legal action against Ms. Cheek to collect on the alleged credit account number ***********2536.

36.    BANA, Gurstel Defendants, and Brock Defendants uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

37.    That on or about December 6, 2018, Gurstel filed a lawsuit, case number CV2018-056884, in the Superior Court of the State of Arizona, County of Maricopa titled Bank of America, N.A. Plaintiff, v. LeGretta F. Cheek, Defendant in an effort to collect an alleged debt in an improper venue as shown in Exhibit 1.

38.    At the time the Complaint was filed, Ms. Cheek domiciled in the State of North Carolina.

39.    On February 8, 2019, Gurstel effectuated service at an Arizona address were Ms Cheek was visiting as shown in Exhibit 2.

---

[2] *See* Gov't Accountability Office, *Credit Cards—Fair Debt Collection Practices Act Could Better Reflect the Evolving Debt Collection Marketplace and Use of Technology* 29 (2009) ("*GAO 2009 Report*"), https://www.gao.gov/products/GAO-09-748.

40.  Ms. Cheek's legal place of abode, when served by Gurstel was not within the precinct of the Maricopa County Justice Court. Ms. Cheek abode was in Western District Court of North Carolina, which is located in Mecklenburg County.

41.  On October 2, 2019, a Judgment was ordered for BANA and Gurstel Defendants in the State of Arizona District Court in Maricopa County for the amount of $34,586.00, which included accrued cost through date of judgment of $446.30 against Ms. Cheek as shown in Exhibit 3.

42.  Upon information and belief, Ms. Cheek a prudent person has a reasonable basis to suspect the perpetration or attempted perpetration of a crime or fraud was consummated when BANA was falsely represented by Gurstel as a Plaintiff in the Arizona complaint CV2018-056884.

43.  Gurstel Defendants plead to the court that BANA was the Plaintiff. The primary source of funding for BANA is deposits raised through the banking franchise. Other sources of funding include intercompany borrowing from NB Holdings; secured borrowings, including credit card securitizations and securitizations with government-sponsored enterprises.[3]

44.  BANA have a securitization scheme going on as shown in Exhibit 6. They could have not been a Plaintiff when their practice is to securitize, and they are merely a Servicer.[4] Their consummation of a fraudulent scheme is used to obtain judgment against unwitting consumers, some even within jurisdiction people resided in order to get unjust enrichment through default judgment.

---

[3] See Bank of America Corporation 2019 Resolution Plan
*https://www.fdic.gov/regulations/reform/resplans/plans/boa-165-1907.pdf*
[4] See BA Credit Card Prospectus-1.pdf *http://investor.bankofamerica.com/fixed-income/securitizations*
Page 6 of 12

45.　　To back up Ms. Cheek's claim, now BANA is coming after her, the same individual in a different state, with a different lawyer on the same alleged debt with a different amount allegedly owed which Ms. Cheek has repeatedly denied. She has also requested validation, and Gurstel Defendants and Brock Defendants in this matter, has failed to provide first hand fact evidence to validate the alleged debt.

46.　　On or about January 25, 2020, Ms. Cheek received a collection communication letter from Brock Defendants concerning an alleged debt owed on BANA credit account number ***********2536, in the amount of $34,586.00 as shown in Exhibit 3.

47.　　On February 3, 2020, Brock Defendants received Ms. Cheek first (1st) certified response disputing the alleged debt, and requesting all collection cease until the allege debt is validated, and to identify the original creditor and its address. [USPS Tracking #7018 1830 0001 6584 1539].

48.　　On or about February 10, 2020, Ms. Cheek received a second (2nd) collection communication letter from Brock Defendants stating they validated the alleged debt with two bullet points, the account opening date and a current amount. BANA and Brock Defendants offered a payment options as shown in Exhibit 5.

49.　　On February 14, 2020, Brock Defendants received Ms. Cheek second (2nd) certified response disputing their two bullet points with a date and amount of the allege debt owed BANA. Ms. Cheek requested validation, and also verification of the alleged debt for the alleged amount of $34,586.00. [USPS Tracking # 7019 1640 0001 7281 7426].

50.　　Per both debt collectors the alleged amount owed to BANA was Gurstel $34,139.70, and Brock $34,586.00, for the same alleged credit account number ***********2536.

51. Gurstel Defendants and Brock Defendants are working for BANA attempting to collect in two different states on the same allege credit account number \*\*\*\*\*\*\*\*\*\*\*\*2536 from Ms. Cheek as shown in Exhibits 1 and 4.

52. BANA and Brock Defendants are attempting to collect on an amount of $34,356.00 they are not entitled to because part of that amount of $446.30 ostensibly was gained as unjust enrichment by Gurstel law firm when they took a legal action against Ms. Cheek that they were not legally entitled to take.

53. As a direct result and proximate cause of BANA, Gurstel Defendants, and Brock Defendants actions in violation of the FDCPA as outlined above, Ms. Cheek has suffered actual damages, including and not limited to loss of sleep, embarrassment, anxiety, and out of pocket expenses.

## CAUSES OF ACTION
### a. Violations of the Fair Debt Collections Practices Act

54. Ms. Cheek re-alleges and incorporates Paragraphs one (1) through fifty-three (53) as if fully set forth herein;

55. Ms. Cheek is a consumer within the meaning under § 1692a(3).

56. BANA, Gurstel Defendants and Brock Defendants operates as a debt collector within the meaning of § 1692a(6).

57. As a direct result and proximate cause of Defendants' actions in violation of the FDCPA, Ms. Cheek has suffered actual damages, causing injuries not limited to low self esteem, personal humiliation, frustration, anxiety, embarrassment, and mental anguish.

## I.     COUNT I
## VIOLATIONS 15 U.S.C. § 1692f(1)

58. Ms. Cheek re-alleges and incorporates Paragraphs one (1) through fifty-three (53) as if fully set forth herein.

59. BANA and Gurstel Defendants violated § 1692f(1) by using unfair practices in an attempt to perpetrate a fraud on the court in Arizona State Court against Ms. Cheek, a consumer, and the United States. They plead to the Arizona Court that BANA was the Plaintiff, when in fact they are a Servicer, and a debt collector. BANA the Plaintiff is fictitious and the court is without jurisdiction. Since the court lack jurisdiction then the judgment that was rendered in Arizona is void ab initio.

## II.     COUNT II
## VIOLATIONS 15 U.S.C. § 1692f(1)

60. Ms. Cheek re-alleges and incorporates Paragraphs one (1) through fifty-three (53) as if fully set forth herein.

61. BANA and Brock Defendants violated § 1692f(1) by using unfair practice in an attempt to collect an alleged debt from Ms. Cheek in the amount of $34,586.00 in which such amount is not permitted by law due to. BANA cannot go after the amount they improperly got in a judgment in the State of Arizona, including all the charges that were improperly gotten to begin with.

## III.     COUNT III
## VIOLATIONS 15 U.S.C. § 1692 BANK OF AMERICA, N.A.

62. Ms. Cheek re-alleges and incorporates Paragraphs one (1) through fifty-three (53) as if fully set forth herein.

63. On at least one occasion within the past two years, by example only and without limitation, BANA violated § 1692g(b) by failing to fully and properly investigate Ms. Cheek's disputes.

64. When BANA receives Ms. Cheek's disputes, it did not conduct a substantive review of any sort to determine whether or not the information already in its computer system is itself accurate in violations of § 1692(2)(A) false representation of their character.

65. BANA understood the nature of Ms. Cheek disputes when it received the motions filed in the Arizona Court Case, and the disputed letters to Brock Defendants.

66. On information and belief, Ms. Cheek alleges that BANA is a Servicer, and a debt collector who attempts to collect any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

### IV. COUNT IV
### VIOLATIONS 15 U.S.C. § 1692e(2)(A)

67. Ms. Cheek re-alleges and incorporates Paragraphs one (1) through fifty-three (53) as if fully set forth herein.

68. That paragraph 3 of Brocks Defendants collection communication states *"If you have any questions or need assistance with payment options…"* which is a false representation and deceptive means utilized in the attempt to collect a consumer allege debt as shown in Exhibit 5 as the term is defined by § 1692e(2)(A).

69. BANA and Brock Defendants violated § 1692e(2)(A) by using deceptive means in falsely representing the amount allegedly owed by Ms. Cheek for $34,586.00, which was the judgment amount ordered in the State of Arizona law suit between BANA and Gurstel.

### V. COUNT V
### VIOLATIONS 15 U.S.C. § 1692g(b)

70. Ms. Cheek re-alleges and incorporates Paragraphs one (1) through fifty-three (53) as if fully set forth herein.

71. BANA and Brock Defendants violated § 1692g(b) by failing to provide requested validation of the allege debt. They also failed to provide verification to Ms. Cheek request for the name and address of the original creditor.

## VI. COUNT VI
## VIOLATIONS 15 U.S.C. § 1692k(a)(2)(A)

72. Ms. Cheek re-alleges and incorporates Paragraphs one (1) through fifty-three (53) as if fully set forth herein.

73. Ms. Cheek has suffered out-of-pocket actual damages including and not limited to fees for certified mailing, traveling to and from Union County District Court, drive to and from post office, paper, ink and time.

## VII. COUNT VII
## b. Violations of the North Carolina Fair Debt Collection Practices Act,
## N.C. Gen.Stat. § 58-70, *et seq.*

74. Ms. Cheek re-alleges and incorporates Paragraphs one (1) through fifty-three (53) as if fully set forth herein.

75. Ms Cheek is a "person" as the term is defined by N.C. Gen.Stat. § 58-70-6(4).

76. BANA and Brock Defendants are a "collection agency" as the term is defined by N.C. Gen.Stat. § 58-70-15, and is duly licensed to collect debt in the state of North Carolina pursuant to N.C. Gen.Stat. § 58-70-1.

77. Gurstel Defendants and Brock Defendants harassed Ms. Cheek in an attempt to collect an alleged debt by BANA, a third party debt collector, in violation of N.C. Gen.Stat. § 58-70-100.

## PRAYER FOR RELIEF

**WHEREFORE,** Ms. Cheek requests that judgment be entered in her favor and against each and every Defendant for jointly and severally, for:

a) An Order of this Court declaring that Defendants' practices violate the FDCPA;

b) Actual out-pocket-damages in an amount to be proven at trial as to each Defendant, pursuant to 15 U.S.C. § 1692k(a)(1);

c) Statutory damages of $1,000 as to each Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

d) Statutory damages of four thousand dollars ($4,000), pursuant to N.C. Gen.Stat. § 58-70-130(b);

e) Awarding Ms. Cheek any attorney's fees and cost incurred in this action;

f) Awarding such other and further relief as the Court may deem just and proper.

**FURTHER,** Ms. Cheek Complaint ties into Gurstel Defendants in Arizona, Brocks Defendants in North Carolina, and BANA into a transnational scheme to which I would like this matter refer to the Department of Justice and Attorney General to employ the Court in a perpetration of a fraud.

## <u>DEMAND FOR TRAIL BY JURY</u>

Ms. Cheek hereby demands a trial by jury of all issues so triable as matter of law.

Dated: March 23, 2020

Respectfully Submitted,

LeGretta F. Cheek
113 Indian Trail Rd N, Suite 100
Indian Trial, North Carolina 28079
704.578.4889

Gurstel Law Firm P.C.
9320 E Raintree Dr.
Scottsdale, AZ 85260
888-274-0105

File Number: 1169799

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Bank of America, N.A.

CASE NUMBER:

**SUMMONS**
CIVIL

CV2018-056884

V.

Legretta F Cheek and J Doe spouse
7124 W Linda Ln
Chandler AZ 85226-0816

If you would like legal advice from a lawyer
Contact the Lawyer Referral Service at
602-257-4434
or
www.maricopalawyers.org
Sponsored by the
Maricopa County Bar Association

THE STATE OF ARIZONA TO THE ABOVE NAMED DEFENDANT(S):

1. You are summoned to respond to this complaint by filing an answer with this court and paying the court's required fee. If you cannot afford to pay the required fee, you may request the court to waive or to defer the fee.

2. If you were served with this summons in the State of Arizona, the court must receive your answer to the complaint within twenty (20) calendar days from the date you were served. If you were served outside the State of Arizona, the court must receive your answer to the complaint within thirty (30) days from the date of service. If the last day is a Saturday, Sunday, or holiday, you will have until the next working day to file your answer. When calculating time, do not count the day you were served with the summons.

3. The court address is: Maricopa County Superior Court, 201 West Jefferson, Central Court Building, Phoenix, AZ 85003.

4. Your answer must be in writing. (a) You may obtain an answer form from the court listed above, or on the Self-Service Center of the Arizona Judicial Branch website at *http://www.azcourts.gov/* under the *"Self Help"* tab. (b) You may visit http://www.azturbocourt.gov/ to fill in your answer form electronically; this requires payment of an additional fee. (c) You may also prepare your answer on a plain sheet of paper, but your answer must include the case number, the court location, and the names of the parties.

5. You must provide a copy of your answer to the plaintiff(s) or to the plaintiff's attorney.

IF YOU FAIL TO FILE A WRITTEN ANSWER WITH THE COURT WITHIN THE TIME INDICATED ABOVE, A DEFAULT JUDGMENT MAY BE ENTERED AGAINST YOU, AS REQUESTED IN THE PLAINTIFF(S) COMPLAINT.

(1) Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding. (2) Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

Date:_____          _____
                                By the Court

DEC 6 2018
CHRIS DEROSE CLERK
J ORTIZ
DEPUTY CLERK

COPY

# EXHIBIT 1

 

*147364*


CLERK OF THE
SUPERIOR COURT
RECEIVED
DOCUMENT HISTORY

2019 FEB 19 PM 12: 50

Lawgistic Partners AZ
7641 E. Gray Rd., Suite 2B
Scottsdale, AZ 85260
(480) 500-1901

## In The Superior Court of the State of Arizona
## In and For the County of Maricopa
### 201 W. Jefferson St., Phoenix, AZ 85003

Bank of America, N.A.
vs.
Legretta F Cheek and J Doe spouse

CERTIFICATE OF SERVICE
Case No. CV2018-056884

---

The undersigned certifies under penalty of perjury: That I am a private process server registered in Maricopa County and an officer of the court. On 12/12/2018, I received SUMMONS; COMPLAINT; CERTIFICATE OF COMPULSORY ARBITRATION from Gurstel Law Firm, P.C. (AZ). In each instance I served 2 copy(ies) of each document listed above upon: Legretta F Cheek and J Doe spouse, by leaving with Legretta F Cheek, Defendant, in person, a person of suitable age and discretion, residing within their usual place of abode located at 7124 W Linda Ln , in Chandler, AZ 85226 in Maricopa County, on 02/08/2019 at 8:33 AM ,

Additional Comments: This address is a gated complex. I was able to gain access into the property. When I arrived at the property. The garage door was open. The defendant was in a Volkswagen license plate #CCJ4726. After she backs up out of the garage. She rolls down her window. I identify myself as a Process Server. I asked her if she was Legretta Cheek. She said yes. I told her I had legal documents for her. She said I can't accept them now. She rolls up her window. In a loud and clear voice I told her that I was gonna drop the documents by her front door and informed her that she had been served. The Defendant refused to provide her marital status.

Description of Person Accepting Service:

Sex: **Female** Skin: **Dark** Hair: **Salt and Pepper** Age: **70** Height: **5ft 1in** Weight: **110**

Military Status: 'N/A'
Marriage Status: 'N/A'

I declare, under penalty of perjury that the foregoing is true and correct. Executed on 02/08/2019

X _____
Harry Torres, MC-8594, Affiant
Certified in the County of Maricopa

| | |
|---|---|
| Service of Process - Routine | $53.00 |
| **TOTAL:** | **$53.00** |

Client: Gurstel Law Firm, P.C. (AZ)
Client File: 1169799-1S20181204

# EXHIBIT 2

Clerk of the Superior Court
*** Electronically Filed ***
A. Wood, Deputy
10/2/2019 8:00:00 AM
Filing ID 10937964

1  Gurstel Law Firm PC
   9320 East Raintree Drive
2  Scottsdale, AZ 85260
3  BY: Brad J. Clark (#032267)
         Shannon N. Crane (#032821)
4        Jesse H. Walker (#032761)
5        Kerry A. Markert (#030036)
         Jesse Vassallo Lopez (#033961)
6        Dwayne D. Burns (#032448)
7        Brennan S. Murray (#034539)
         Michael S. Hartsock (#034511)
8  Attorneys for Plaintiff
   Telephone: (888) 274-0105
9  Facsimile: (877) 750-6335
10 Email: info@gurstel.com
   File number: 1169799
11
              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
12
                 IN AND FOR THE COUNTY OF MARICOPA
13
   Bank of America, N.A.                  )   Case No. CV2018-056884
14       Plaintiff,                       )
                                          )
15                                        )
   vs.                                    )        JUDGMENT
16                                        )
                                          )
17 Legretta F Cheek and J Doe spouse      )
   Defendant                             )
18                                        )
19        This matter was considered on Plaintiff's Motion for Summary Judgment. Upon

20 consideration, it is:

21
22        NOW, THEREFORE, IT IS ORDERED that Plaintiff is granted Judgment against

23 Defendant Legretta F Cheek as follows:

24  1 . Principal                              $34,139.70
25  2 . Accrued costs through date of            $446.30
       Judgment
26     TOTAL JUDGMENT                          $34,586.00
   No further matters remain pending and the judgment is entered pursuant to Ariz. R. Civ.
27
28 Pro. Rule 54(c).

   DATE: _____        _____
                                        By the Court

# eSignature Page 1 of 1

Granted as Submitted



/S/ Theodore Campagnolo Date: 10/1/2019
Judicial Officer of Superior Court

Gurstel Law Firm PC
9320 East Raintree Drive
Scottsdale, AZ 85260
BY: Brad J. Clark (#032267)
    Shannon N. Crane (#032821)
    Jesse H. Walker (#032761)
    Kerry A. Markert (#030036)
    Jesse Vassallo Lopez (#033961)
    Dwayne D. Burns (#032448)
    Brennan S. Murray (#034539)
    Michael S. Hartsock (#034511)
Attorneys for Plaintiff
Telephone: (888) 274-0105
Facsimile: (877) 750-6335
Email: info@gurstel.com
File number: 1169799

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Bank of America, N.A. | ) Case No. CV2018-056884 |
|     Plaintiff, | ) |
| | ) |
| vs. | ) STATEMENT OF COSTS AND NOTICE |
| | ) OF TAXATION OF COSTS |
| Legretta F Cheek and J Doe spouse | ) |
|     Defendant | ) |
| | ) |

TO THE CLERK OF THE COURT AND THE PARTIES AGAINST WHOM COSTS ARE
CLAIMED:

1.    The undersigned is the attorney for the party in whose favor Judgment in this action has

been rendered, and has personally reviewed the files and the affidavit of service of

process on file in this action and asserts on information and belief that the below costs

have been incurred:

Filing or appearance fee . . . . . . . . . . . . .        $333.00
E-Filing Fee . . . . . . . . . . . . . . . . . . . . . .        $60.30
Service of documents . . . . . . . . . . . . . . .        $53.00
                                    Total =        $446.30

2.    This party claims these costs against the opposing parties against whom the Judgment was rendered.  Ariz. R. Civ. P. 54(f); A.R.S. §§ 12-341, 12-347.

3.    The foregoing document has been read and of my own knowledge the facts stated herein are true and correct.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on this _22_ day of July, 2019.

GURSTEL LAW FIRM, P.C.

Brad J. Clark (#032267) _____
Shannon N. Crane (#032821) _____
Jesse H. Walker (#032761) _____
Kerry A. Markert (#030036) _____
Jesse Vassallo Lopez (#033961) _____
Dwayne D. Burns (#032448) _____
Brennan S. Murray (#034539) _____
Michael S. Hartsock (#034511) _____
Attorneys for Plaintiff

# BROCK & SCOTT, PLLC

### 1315 WESTBROOK PLAZA DRIVE
### WINSTON-SALEM, NC 27103
### 336-354-0110, 888-461-7908
### FAX 336-354-1588
### MON-THUR 8:30AM - 7:00PM ET
### FRI 8:30AM - 5:30PM ET

THOMAS E. BROCK*
GREGORY A. SCOTT*

ROCKVILLE, MD
VIRGINIA BEACH, VA
WINSTON-SALEM, NC
COLUMBIA, SC
ATLANTA, GA
FRANKLIN, TN
FT LAUDERDALE, FL
FARMINGTON HILLS, MI

*Licensed in NC

January 20, 2020

LEGRETTA F CHEEK
113 INDIAN TRAIL RD N SUITE 100
INDIAN TRAIL NC 28079

Creditor: Bank of America, N.A.
Account Number: ************2536
Our Reference Number: AR006807
Amount Owed: $34,586.00

Dear LEGRETTA F CHEEK:

This account has been placed with our office for collection.

**Unless, within 30 days after receipt of this notice, you dispute the validity of this debt, or any portion thereof, the debt will be assumed to be valid by this office. If you notify us in writing within 30 days after receipt of this notice, that you dispute all or a portion of this debt, our office will obtain verification of the debt or a copy of a judgment and send it to you. Upon written request within 30 days after receipt of this notice, we will provide you with the name and address of the original creditor, if different from the creditor named above.**

If you do not dispute this account, and wish to make a payment for the full balance, please visit us at www.legaldebtpayment.com, or by mail at the mailing address listed above, or you may call us toll free at 888-461-7908.

Cordially,

*Birshari Cooper*

Birshari Cooper
Attorney-at-Law
BROCK & SCOTT, PLLC

**This communication is from a debt collector.**
**This is an attempt to collect a debt, and any information obtained will be used for that purpose.**

  

DEMANDL1

# EXHIBIT 4



# BROCK & SCOTT, PLLC

**1315 WESTBROOK PLAZA DRIVE
WINSTON-SALEM, NC 27103
336-354-0110, 888-461-7908
FAX 336-354-1588
MON-THUR 8:30AM - 7:00PM ET
FRI 8:30AM - 5:30PM ET**

THOMAS E. BROCK*
GREGORY A. SCOTT*

ROCKVILLE, MD
VIRGINIA BEACH, VA
WINSTON-SALEM, NC
COLUMBIA, SC
ATLANTA, GA
FRANKLIN, TN
FT LAUDERDALE, FL
FARMINGTON HILLS, MI

*Licensed in NC

February 4, 2020

LEGRETTA F CHEEK
113 INDIAN TRAIL RD N SUITE 100
INDIAN TRAIL NC 28079

Creditor: Bank of America, N.A.
Account Number: ************2536
Our Reference Number: AR006807

Dear LEGRETTA F CHEEK:

The details and account history you requested to validate your Bank of America, N.A. Visa are provided below.

- The account was opened on November 11, 1997
- The current balance as of February 4, 2020 is $34,586.00

**Questions?**
If you have questions or need assistance with payment options, please call us at (888) 461-7908, Monday-Thursday 8:30AM to 7:00PM ET or Friday 8:30AM to 5:30PM ET.

Cordially,

Brock & Scott, PLLC

**This communication is from a debt collector.
This letter is an attempt to collect a debt, and any information obtained will be used for that purpose.**

  

VALIDA





# http://investor.bankofamerica.com/fixed-income/securitizations



investor.bankofamerica.com/fixed-income/securitizations

## Securitizations

### Credit Card Securitization

↓ BA Credit Card Trust – Performance Information

## Program Documents

## BA Master Credit Card Trust II

| Date | Document |
|------|----------|
| 12/9/2016 | ↓ First Amendment to Fourth Amended and Restated Pooling and Servicing Agreement |
| 12/17/2015 | ↓ Fourth Amended and Restated Pooling and Servicing Agreement |
| 12/17/2015 | ↓ Fifth Amended and Restated Series 2001-D Supplement |
| 12/17/2015 | ↓ First Amendment to Second Amended and Restated Receivables Purchase Agreement |
| 7/8/2015 | ↓ Second Amended and Restated Receivables Purchase Agreement |

## BA Credit Card Trust

| Date | Document |
|------|----------|
| 12/19/2019 | ↓ BA Credit Card Trust Prospectus |
| 12/17/2015 | ↓ Third Amended and Restated BAseries Indenture Supplement |
| 12/17/2015 | ↓ Fourth Amended and Restated Indenture |
| 12/17/2015 | ↓ First Amendment to Fourth Amended and Restated Trust Agreement |
| 10/1/2014 | ↓ Fourth Amended and Restated Trust Agreement |

EXHIBIT 6

Form of Prospectus Dated December 19, 2019

# BANK OF AMERICA

## *Bank of America, National Association*
Sponsor, Servicer and Originator (CIK: 0001102113)

## *BA Credit Card Funding, LLC*
Transferor and Depositor (CIK: 0001370238)

## *BA Credit Card Trust*
Issuing Entity (CIK: 0001128250)

### *BAseries*

| The issuing entity will issue and sell: | Class [•](20[•]-[•]) Notes |
|---|---|
| Principal amount | $[•] |
| Interest rate | [[•]-month LIBOR *plus*] [•]% per year [(determined as described in this prospectus)] |
| Interest payment dates | [•]th day of each month, beginning in [•] 20[•] |
| Expected principal payment date | [•] [•], 20[•] |
| Legal maturity date | [•] [•], 20[•] |
| Expected issuance date | [•] [•], 20[•] |
| Price to public | $[•] (or [•]%) |
| Underwriting discount | $[•] (or [•]%) |
| Proceeds to the issuing entity | $[•] (or [•]%) |

The Class [•](20[•]-[•]) notes are a tranche of the Class [•] notes of the BAseries [and will be offered by the underwriters to investors at varying prices to be determined at the applicable time of sale. The compensation of the underwriters will be a commission representing the difference between the purchase price for the Class [•](20[•]-[•]) notes paid to the issuing entity and the proceeds from the sales of the Class [•](20[•]-[•]) notes paid to the underwriters by investors].

[Subordination: [Interest and principal on the Class B notes of the BAseries are subordinated to payments on the Class A notes as described in this prospectus.] [Interest and principal on the Class C notes of the BAseries are subordinated to payments on the Class A notes and the Class B notes as described in this prospectus.]]

Credit Enhancement: [Interest and principal on the Class B notes and the Class C notes of the BAseries and the Class D certificate, Series 2001-D are subordinated to payments on the Class A notes as described in this prospectus.] [Interest and principal on the Class C notes of the BAseries and the Class D certificate, Series 2001-D are subordinated to payments on the Class A notes and the Class B notes as described in this prospectus.] [Principal on the Class D certificate, Series 2001-D is subordinated to payments on the Class A notes, the Class B notes and the Class C notes of the BAseries as described in this prospectus. The Class C(20[•]-[•]) notes will have the benefit of a Class C reserve subaccount as described in this prospectus.]

FIRST AMENDMENT
TO
BA MASTER CREDIT CARD TRUST II
FOURTH AMENDED AND RESTATED POOLING AND SERVICING AGREEMENT

THIS FIRST AMENDMENT TO THE BA MASTER CREDIT CARD TRUST II FOURTH AMENDED AND RESTATED POOLING AND SERVICING AGREEMENT, dated as of December 9, 2016 (this "Amendment") is by and among BA CREDIT CARD FUNDING, LLC, as Transferor (the "Transferor"), BANK OF AMERICA, NATIONAL ASSOCIATION ("BANA"), successor by merger to FIA Card Services, National Association, as Servicer (the "Servicer"), and THE BANK OF NEW YORK MELLON, as Trustee (the "Trustee").

WHEREAS, the Servicer and the Trustee have heretofore executed and delivered a Pooling and Servicing Agreement, dated as of August 4, 1994 (the "Original Pooling and Servicing Agreement");

WHEREAS, the Servicer and the Trustee have heretofore amended and restated the Original Pooling and Servicing Agreement through the execution and delivery of an Amended and Restated Pooling and Servicing Agreement, dated as of June 10, 2006 (the "Amended and Restated Pooling and Servicing Agreement");

WHEREAS, the parties hereto have heretofore amended and restated the Amended and Restated Pooling and Servicing Agreement through the execution and delivery of a Second Amended and Restated Pooling and Servicing Agreement, dated as of October 20, 2006, and a First Amendment thereto, dated as of June 3, 2011 (as so amended, the "Second Amended and Restated Pooling and Servicing Agreement");

WHEREAS, the parties hereto have heretofore amended and restated the Second Amended and Restated Pooling and Servicing Agreement through the execution and delivery of a Third Amended and Restated Pooling and Servicing Agreement, dated as of October 1, 2014, and a First Amendment thereto, dated as of July 8, 2015 (as so amended, the "Third Amended and Restated Pooling and Servicing Agreement");

WHEREAS, the parties hereto have heretofore amended and restated the Third Amended and Restated Pooling and Servicing Agreement through the execution and delivery of a Fourth Amended and Restated Pooling and Servicing Agreement, dated as of December 17, 2015 (as amended, supplemented or otherwise modified, the "Pooling and Servicing Agreement"); and

WHEREAS, the parties hereto desire to amend the Pooling and Servicing Agreement.

NOW THEREFORE, in consideration of the promises and the agreements contained herein, the parties hereto agree to amend the provisions of the Pooling and Servicing Agreement as follows:

# ARTICLE I

## DEFINITIONS

Section 1.01.   Capitalized Terms.  Capitalized terms used in this Amendment and not otherwise defined shall have the meanings ascribed thereto in the Pooling and Servicing Agreement.

# ARTICLE II

## AMENDMENTS

Section 2.01.   Amendments to Section 1.01 of the Pooling and Servicing Agreement.  The following new definitions are hereby inserted in the appropriate alphabetical order:

"Regulation RR" shall mean Part 244 – Credit Risk Retention (Regulation RR), 12 C.F.R. §§244.1-244.22, as the same may be amended from time to time.

"Seller's Interest Measurement Date" shall have the meaning specified in Section 13.20.

Section 2.02.   Amendment to Article XIII of the Pooling and Servicing Agreement.  Article XIII of the Pooling and Servicing Agreement is hereby amended by adding the following Section 13.20 in the appropriate numeric order:

Section 13.20  Measuring the Transferor Interest for the Purposes of Regulation RR.  In order to facilitate BANA's obligation to comply with Regulation RR, the Transferor shall, on each Seller's Interest Measurement Date and on the issuance date of (i) any Investor Certificates hereunder or (ii) any Notes (as defined in the Series 2001-D Supplement hereto) under the Indenture (as defined in the Series 2001-D Supplement hereto), measure the Transferor Interest in a manner consistent with the requirements of Regulation RR.  If on any Seller's Interest Measurement Date the amount of the Transferor Interest does not satisfy the requirements of Regulation RR, BANA shall nevertheless be deemed to be in compliance with Regulation RR (as permitted by Regulation RR) so long as the Transferor causes the amount of the Transferor Interest to satisfy the requirements of Regulation RR on the immediately subsequent Seller's Interest Measurement Date and BANA is otherwise in compliance with Regulation RR as of such date.

For the purposes of this Section 13.20, (i) "Seller's Interest Measurement Date" shall mean, for so long as any Investor Certificates remain outstanding hereunder or Notes (as defined in the Series 2001-D Supplement hereto) remain outstanding under the Indenture (as defined in the Series 2001-D Supplement hereto), and in each case are

-2-

held by any Person other than a wholly-owned Affiliate of BANA (for so long as BANA acts as sponsor), the close of business hours on the last day of each calendar month, and (ii) the Transferor Interest shall constitute a "seller's interest" for the purposes of Regulation RR.

## ARTICLE III

## MISCELLANEOUS

Section 3.01. <u>Conditions Precedent</u>. The amendments provided for by this Amendment shall become effective upon the satisfaction of the following conditions:

(a)     The Transferor, the Servicer, and the Trustee each shall have received notification in writing from each of Fitch, Moody's and Standard & Poor's to the effect that the terms of this Amendment will not result in a reduction or withdrawal of the rating of any outstanding Series or Class to which it is a Rating Agency;

(b)     The Trustee shall have received, addressed and delivered to it, an Opinion of Counsel for the Transferor to the effect that (i) the terms of this Amendment will not adversely affect in any material respect the interests of any Investor Certificateholder, and (ii) this Amendment complies with all requirements of the Pooling and Servicing Agreement; and

(c)     The Transferor, the Servicer, and the Trustee each shall have received counterparts of this Amendment, duly executed by the parties hereto.

Section 3.02. <u>Pooling and Servicing Agreement in Full Force and Effect as Amended</u>. Except as specifically amended or waived hereby, all of the terms and conditions of the Pooling and Servicing Agreement shall remain in full force and effect. All references to the Pooling and Servicing Agreement in any other document or instrument among the parties hereto shall be deemed to mean such Pooling and Servicing Agreement as amended by this Amendment. This Amendment shall not constitute a novation of the Pooling and Servicing Agreement but shall constitute an amendment thereof. The parties hereto agree to be bound by the terms and obligations of the Pooling and Servicing Agreement, as amended by this Amendment, as though the terms and obligations of the Pooling and Servicing Agreement were set forth herein.

Section 3.03. <u>Headings</u>. Section headings in this Amendment are included herein for convenience of reference only and shall not constitute part of this Amendment for any other purpose.

Section 3.04. <u>Governing Law; Submission to Jurisdiction; Agent for Service of Process</u>. This Amendment shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to principles of conflict of laws. The parties hereto declare that it is their intention that this Amendment shall be regarded as made under the laws of the State of Delaware and that the laws of said State shall be applied in interpreting its provisions in

Case 3:20-cv-00182-RJC-DSC   Document 1   Filed 03/23/20   Page 25 of 29

all cases where legal interpretation shall be required. Each of the parties hereto agrees (a) that this Amendment involves at least $100,000.00, and (b) that this Amendment has been entered into by the parties hereto in express reliance upon 6 DEL. C. § 2708. Each of the parties hereto hereby irrevocably and unconditionally agrees (a) to be subject to the jurisdiction of the courts of the State of Delaware and of the federal courts sitting in the State of Delaware, and (b)(1) to the extent such party is not otherwise subject to service of process in the State of Delaware, to appoint and maintain an agent in the State of Delaware as such party's agent for acceptance of legal process, and (2) that, to the fullest extent permitted by applicable law, service of process may also be made on such party by prepaid certified mail with a proof of mailing receipt validated by the United States Postal Service constituting evidence of valid service, and that service made pursuant to (b)(1) or (2) above shall, to the fullest extent permitted by applicable law, have the same legal force and effect as if served upon such party personally within the State of Delaware.

Section 3.05. <u>Counterparts</u>. This Amendment may be executed in any number of counterparts and by separate parties hereto on separate counterparts, each of which when executed shall be deemed an original, but all such counterparts taken together shall constitute one and the same instrument.

*[Signature Page Follows]*

-4-

IN WITNESS WHEREOF, the Transferor, the Servicer and the Trustee have caused this Amendment to be duly executed by their respective officers as of the day and year first above written.

BA CREDIT CARD FUNDING, LLC,
**Transferor**

By: _Keith W. Landis_
    Name: Keith W. Landis
    Title: V.P.

BANK OF AMERICA, NATIONAL ASSOCIATION,
**Servicer**

By: _Keith W. Landis_
    Name: Keith W. Landis
    Title: V.P.

THE BANK OF NEW YORK MELLON,
**Trustee**

By: _____
    Name:
    Title:

*[Signature Page to First Amendment to Fourth Amended and Restated Pooling and Servicing Agreement]*

IN WITNESS WHEREOF, the Transferor, the Servicer and the Trustee have caused this Amendment to be duly executed by their respective officers as of the day and year first above written.

BA CREDIT CARD FUNDING, LLC,
**Transferor**

By:_____
    Name:
    Title:

BANK OF AMERICA, NATIONAL ASSOCIATION,
**Servicer**

By:_____
    Name:
    Title:

THE BANK OF NEW YORK MELLON,
**Trustee**

By:_____
    Name:
    Title:    Leslie Morales
            Vice President

*[Signature Page to First Amendment to Fourth Amended and Restated Pooling and Servicing Agreement]*

BA CREDIT CARD FUNDING, LLC

as Transferor


BANK OF AMERICA, NATIONAL ASSOCIATION
(successor by merger to FIA Card Services, National Association)

as Servicer


and


THE BANK OF NEW YORK MELLON

as the Trustee

on behalf of the Certificateholders

of the BA Master Credit Card Trust II


———————————————————


FOURTH AMENDED AND RESTATED

POOLING AND SERVICING AGREEMENT

Dated as of December 17, 2015