Hand-Delivered

FILED
CHARLOTTE, NC

MAY - 8 2020

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO.: 3:20-CV-00182-RJC-DSC

LEGRETTA F. CHEEK,

    Plaintiff,

vs.

BANK OF AMERICA, N.A., JOHN DOE,
GURSTEL LAW FIRM, P.C., WHITNEY M.
JACOBSON, JESSE VASSALLO LOPEZ, BROCK
& SCOTT, PLLC, BIRSHARI COOPER,

    Defendants.

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT BANK OF AMERICA, N.A. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)

Plaintiff LeGretta F. Cheek in the above – entitled and numbered cause, and files this response and memorandum in Opposition to Defendant's Motion to Dismiss as follows:

| | | |
|---|---|---|
| I. | INTRODUCTION ………………………………………………… | page 1 |
| II. | STATEMENT OF THE ISSUES……………………………………. | page 2 |
| III. | FACTUAL BACKGROUND AND PROCEDURAL HISTORY…… | page 2 |
| IV. | STANDARD OF REVIEW……………………………………….. | page 5 |
| V. | REQUEST FOR JUDICIAL NOTICE MUST BE DISMISSED…….. | page 6 |
| VI. | ARGUMENT AND AUTHORITIES………………………………. | page 6 |
| VII. | COUNT VII - Violations of the North Carolina Debt Collection Act…. | page 14 |
| VIII. | CONCLUSION………………………………………………….... | page 15 |
| | CERTIFICATE OF SERVICE ……………………………………. | page 16 |
| | Exhibit 7 and Exhibit 8 | |

Hand-Delivered

FILED
CHARLOTTE, NC

MAY -8 2020

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO.: 3:20-cv-00182-RJC-DSC

LEGRETTA F. CHEEK,

    Plaintiff,

vs.

BANK OF AMERICA, N.A., JOHN DOE,
GURSTEL LAW FIRM, P.C., WHITNEY M.
JACOBSON, JESSE VASSALLO LOPEZ, BROCK
& SCOTT, PLLC, BIRSHARI COOPER,

    Defendants.

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT BANK OF AMERICA, N.A. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)

    Plaintiff, LeGretta F. Cheek (**Cheek**) asks this Court to deny Defendant Bank of America, N.A. (**BANA**) Motion to Dismiss for Failure to State a Claim under the Fed. R. Civ. P. 12(b)(6) and states as follows:

### I.    INTRODUCTION

    BANA brings its motion before this Court for Motion to Dismiss arguing Ms. Cheek's Original Complaint should be dismissed under the Fed. R. Civ. P. 12(b)(6), because it is barred by the doctrines of *Rooker-Feldman* and *res judicata*, Ms. Cheek cannot establish that BANA is a debt collector as defined by Fair Debt Collection Practices Act (**FDCPA**), and it fails to state a claim under the North Carolina Fair Debt Collection Practices Act (NCDCPA) which Ms. Cheek has corrected to North Carolina Debt Collection Act (**NCDCA**) in her argument.

Unfortunately, BANA does not come before this Court in candor as it should in bringing its motion. In BANA's judicially noticeable facts they reference the Maricopa County Civil Filing in Arizona State Court judgment of the Collection Complaint (*See* Exhibit A) in the amount of **$34,139.70.** But BANA fails to include many details where [1]judgment was entered on October 2, 2019, the action by Ms. Cheek prior to the judgment and the merit of the final ruling. BANA drones about facts not in evidence such as "Ms. Cheek had removed herself to North Carolina" and *Rooker-Feldman* and *res judicata* when the facts surrounding the case are far different than portrayed by BANA.

## II. STATEMENT OF THE ISSUES

BANA argues that it is entitled to a Motion to Dismiss because the court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), Arizona court entered a final judgment on the merits addressing the same causes of action alleged in the present lawsuit, and because Ms. Cheek failed to state a claim.

## III. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case referenced herein arises from **actions and behavior** taken by BANA that commenced on February 8, 2019. Ms. Cheek was served with a lawsuit in an attempt to collect an alleged debt **while visiting in Arizona from North Carolina, where she has been continually a legal resident since 1980**. As a Defendant, Ms. Cheek filed a Motion to Dismiss for Lack of Jurisdiction; Defendant's Answer – and- Affirmative Defense to Plaintiff's Complaint as shown Exhibit B; Defendant's Response to Plaintiff's Opposition to Motion to

---

[1] *Bank of America, N.A. vs. Legretta F. Cheek and J Doe spouse;*
http://www.superiorcourt.maricopa.gov/docket/CivilCourtCases/caseInfo.asp?caseNumber=CV2018-056884

Dismiss; Motion to Dismiss for Improper Venue; Affidavit of Legretta Ford Cheek In Support of Opposition To Plaintiff's Request For Entry of Default Without Hearing; and Defendant's Opposition to Plaintiff's Motion to Dismiss to Have Defendant Deemed A Vexatious Litigant.

Ms. Cheek defaulted on a Summary Judgment because her motion for Defendant's Opposition to Plaintiff's Summary Judgment was filed one (1) day after the judge ruling. In spite of her hard efforts **to defend herself travelling to and from Arizona**, the Arizona court judged in favor of BANA on the merit of defaulted Summary Judgment for **collection of an allege debt**.

The judgment amount of **$34,139.70** reflects the same amount of the alleged debt in the Collection Complaint as shown in Exhibit A. The court rendered BANA's hired counsel Gurstel Law Firm, P.C. (Gurstel) cost of **$446.30** that totals **$34,586.00.**

Ms. Cheek received a collection letter dated January 20, 2020, from BANA's hired counsel Brock & Scott, P.C. (Brock) in North Carolina requesting monies owed for a credit account in the amount of **$34,586.00** (*See* Exhibit 4). Ms. Cheek disputed the alleged debt and requested "Validation" as shown in Exhibits 7 & 8.

On or about February 10, 2020, Ms. Cheek received a second (2nd) collection letter from Brock stating they validated the alleged debt. There validation was two bullet points. The first bullet was account opening date, and the second bullet stated a current amount. BANA and Brock offered a payment options for **$34,586.00** as shown in Exhibit 5.

Ms. Cheek filed her Original Complaint on March 23, 2020, alleging violation of the FDCPA, and the NCDCPA against Bank of America, N.A., John Doe, Gurstel Law Firm, P.C., Whitney M. Jacobson, Jesse Vassallo Lopez, Brock & Scott, PLLC, and Birshari Cooper. BANA responded with a Motion to Dismiss [Doc. 15], while all other Defendants have yet to respond.

Ms. Cheek alleges BANA and Brock is in violation of the FDCPA includes, but not limited to an attempt to collect the same allege account and debt in the State of Arizona and North Carolina for a different amount of **$34,586.00** as shown in Exhibit 5.

Ms. Cheek alleges BANA is a Servicer by virtue of how it operates making it a debt collector and liable to Ms. Cheek's damages. Gurstel Law Firm plead to the Arizona court that BANA was the Plaintiff in an alleged debt collection claim and obtained a judgment against Ms. Cheek. Ms. Cheek suspects the perpetration or attempted perpetration of a crime or fraud was consummated when BANA was falsely represented by Gurstel as a Plaintiff in the Arizona complaint.

Ms. Cheek alleges BANA and Brock are in violation of the NCDCA includes, but not limited to deceptive or misleading representation in falsely representing the amount of **$34,586.00** of the alleged debt in North Carolina from the judgment amount in Arizona which included attorney fees of **$446.30** as shown in Exhibit 3.

Ms. Cheek alleges BANA is in violation of the FDCPA and NCDCA includes, but not limited to deceptive or misleading representation, using unfair practices, false representation and deceptive means by trying to collect the same allege debt in Arizona and North Carolina at the same time.

Contrary to BANA's argument F.R.C.P. 8(a)(2) does not require Ms. Cheek to prove her case at the notice pleading stage, but that each claim include a "short and plain statement…showing that the pleader is entitled to relief." The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007). Ms. Cheek complaint should **not** be dismissed because it states a plausible cause of action under *Twombly* and Rule 8(a)(2).

## IV. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that a pleader is entitled to relief," in order to "give the Defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41,47 (1957). "[A] complaint attacked by a 12(b)(6) motion to dismiss does not need factual allegations." *Id.* At 555. "[We] do not require heightened fact pleadings of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* At 570.

When considering BANA's Motions to Dismiss under Rule 12(b)(6), the court must construe the factual allegations in the complaint in light most favorable to the Plaintiff. *In re Stac. Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996); *Jones v. General Elec. Co.*, 87 F.3d 209, 211 (7th Cir. 1996). Only if no possible construction of the alleged facts will entitle Plaintiff to relief should the court grant Defendant's motion. *Hishon v. King & Spalding*, 467 U.S. 69,73 104 S. Ct.2229,2232 (1984). The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Beanal v. Freeport McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999). The court "should view the complaint in the light most favorable to the plaintiff." *Mylan Labs, Inc. v. Matkari,*

7 F.3d 1130, 1134 (4th Cir. 1993). If the factual allegations in Ms. Cheek's complaint support any legal theory that entitles Ms. Cheek to some relief, the court should overrule BANA's motion.

## V. REQUEST FOR JUDICIAL NOTICE MUST BE DISMISSED

BANA's request for the Court to take judicial notice of the Maricopa County Civil Filing in the State of Arizona is completely unanalogous. The Arizona litigation has nothing to do with FDCPA, which is a federal law, first enacted in 1977 as an amendment to the Consumer Credit Protection Act, to curtail abusive debt collection practices. The claim BANA brought in Arizona State court was to collect an alleged debt. Ms. Cheek's claim as a Plaintiff in this case is solely related to BANA's **actions and behavior** in attempting to collect an alleged debt. It is a different area of law. No claims of the FDCPA were ever raised by Ms. Cheek who was a defendant in Arizona case. Additionally no adjudication of any claims related to FDCPA was made in the Arizona State court ruling. Factually they are not related.

Under Federal Rule of Evidence 201, courts at any stage of a proceeding may "judicially notice a fact that is not subject to reasonable dispute," provided that the fact is "generally known within the court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Zak v. Chelsea Therapeutics Intern., Ltd.*, 780 F. 3d 597 - Court of Appeals, 4th Circuit 2015. Therefore the claims made by BANA in this case are spurious and unfounded, and **they should know better**.

## VI. ARGUMENT AND AUTHORITIES

### A. BANA's Claims Are Barred by Doctrine of Rooker-Feldman and Must Be Dismissed.

"[T]he Rooker-Feldman doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006) (citing *Exxon*

*Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280 (2005)). The doctrine "is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon,* 544 U.S. at 284.

Ms. Cheek brought the present claim under FDCPA. Ms. Cheek's complaint primarily alleges that one or more of the Defendants violated the FDCPA by failing to validate and verify the alleged debt as required by § 1692g, by using false and deceptive means in connection with their collection of the alleged debt as prohibited by § 1692e, and by using unfair or unconscionable means to collect the alleged debt as regulated by § 1692f. BANA's argument in this law suit under the *Rooker-Feldman* doctrine was not brought up ANY time or in ANY manner in the Court in Arizona.

Secondly, Ms. Cheek's complaint is not related to the alleged debt. It is related to the **behavior** and **actions** of BANA and the Defendants in their attempt to collect the same alleged debt twice. In no manner was it related to any FDCPA issues. It is very clear and settled that the FDCPA violations arise from the **action** of a person attempting to collect an alleged debt. Not about the alleged debt. No adjudication of any FDCPA claims was ever made in the Arizona Court nor was it ever brought up in that court. Any decision to be rendered therefore is completely a bogus argument by BANA.

Lastly, BANA has failed to support their argument with any citations showing Arizona Court's final ruling was FDCPA related. That is not surprising to BANA because the matter of FDCPA did not arise in that case as shown in Exhibits A-C.

Page 7 of 16

Case 3:20-cv-00182-RJC-DSC   Document 23   Filed 05/08/20   Page 8 of 17

*Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280 (2005)). The doctrine "is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon,* 544 U.S. at 284.

Ms. Cheek brought the present claim under FDCPA. Ms. Cheek's complaint primarily alleges that one or more of the Defendants violated the FDCPA by failing to validate and verify the alleged debt as required by § 1692g, by using false and deceptive means in connection with their collection of the alleged debt as prohibited by § 1692e, and by using unfair or unconscionable means to collect the alleged debt as regulated by § 1692f. BANA's argument in this law suit under the *Rooker-Feldman* doctrine was not brought up ANY time or in ANY manner in the Court in Arizona.

Secondly, Ms. Cheek's complaint is not related to the alleged debt. It is related to the **behavior** and **actions** of BANA and the Defendants in their attempt to collect the same alleged debt twice. In no manner was it related to any FDCPA issues. It is very clear and settled that the FDCPA violations arise from the **action** of a person attempting to collect an alleged debt. Not about the alleged debt. No adjudication of any FDCPA claims was ever made in the Arizona Court nor was it ever brought up in that court. Any decision to be rendered therefore is completely a bogus argument by BANA.

Lastly, BANA has failed to support their argument with any citations showing Arizona Court's final ruling was FDCPA related. That is not surprising to BANA because the matter of FDCPA did not arise in that case as shown in Exhibits A-C.

BANA falsely argues "the Plaintiff's Complaint in this action is a direct attack upon the judgment of the Arizona State Court." BANA accuses Ms. Cheek for attacking the judgment of the Arizona Court. Ms. Cheek has every right to file a complaint as a result of BANA's violation of her rights but its accusations are like the fire calling the kettle black when it is attacking her in an attempt to collect the same alleged debt in two different states.

Congress was very specific in that a consumer acting as a Private Attorney General could bring a court action against any person who violated their rights under the consumer protection statues such as the Fair Debt Collection Practices Act and the North Carolina Debt Collection Act which are at issue in this case.

Given that the *Rooker-Feldman* doctrine is completely irrelevant to this case, there is no bar to consider BANA's claims here. Therefore, the Court has proper subject matter jurisdiction and their claim must be dismissed.

**B. BANA's Claims Are Barred by the Doctrine of Res Judicata and Must Be Dismissed.**

Again Ms. Cheek disagrees with BANA's bogus claims. BANA argues that Ms. Cheek's claims are barred by the doctrine of *res judicata* and must be dismissed.

In doing so it cites [2]*In re Gen.Adjudication of All Rights to Use Water in the Gila River Sys. & Source* and [3]*Heinig v. Hudman*, which *Heinig* ruling is in Ms. Cheek's favor. BANA states that under federal law "there are three elements of *res judicata*, all of which must be met: (1) an identity of claims in the suit in which a judgment was entered and the current litigation,

---

[2] BANA cites *In re Gen.Adjudication of All Rights to Use Water in the Gila River Sys. & Source* 212 Ariz. 64, 69, ¶ 14, 127 P.3d 882, 887 (2006) is problematic because the case is about mutuality for claim preclusion which has no bearing on this case.
[3] BANA cites *Heinig v. Hudman* 177 Ariz. 66, 71, 865 P.2d 110, 115 (App.1993) to support their position is problematic for BANA, because it supports Ms. Cheek's defense where the summary judgment was incorrectly granted and res judicata has no defense 'We conclude that res judicata is no bar to the present action". *Id.*

(2) a final judgment on the merits in the previous litigation, and (3) identity or privity between parties in the two suits." BANA argues that each element of the doctrine of res judicata is satisfied and Ms. Cheek's claim should be barred when in fact that assertion is factually false as explained below.

**First,** BANA falsely argues "the properly named parties in this action are identical to those in the Arizona Litigation. (Compare ECF. No. 1 with Ex. A.)." Ms. Cheek ask what and who are properly named parties? There are 6 (six) defendants in this case and two (2) defendants in the Arizona Litigation. Here, the numbers are not equal or identical. Also, BANA filed a debt collection lawsuit against LeGretta F. Cheek and J Doe Spouse as **Defendants.** In this case the **Plaintiff** is LeGretta F. Cheek proving even more there are no identical parties in both cases.

**Secondly,** BANA again falsely argues "the Maricopa County Superior Court's entry of judgment against Plaintiff was a final judgment and adjudication on the merits." Ms. Cheek disagrees and questions BANA's false claims and argument. BANA fails to state the merits for adjudication was a Default on Summary Judgment for a debt collection, and not a FDCPA violation. A debt collection lawsuit and a violation of the FDCPA can occur, but are not automatically rolled into the original debt collection case, unless the party would bring that issue up before the court. In the Arizona case this issue did not occur.

**Lastly,** BANA also falsely argues "in the Arizona Litigation, the Plaintiff filed an answer raising the same issues of improper venue, subject matter jurisdiction and the failure of BANA or its agents to properly validate the debt pursuant to FDCPA as shown in Exhibit B.

Page 9 of 16

Case 3:20-cv-00182-RJC-DSC   Document 23   Filed 05/08/20   Page 10 of 17

Clearly, as the Court can see that none of these elements of *res judicata* are present in Ms. Cheek's lawsuit. It is also clear that BANA seeks to advance in unsupported arguments of claims and allegations specific to the Arizona Litigation that has no merits.

Once again Ms. Cheek will remind the Court that the case in Arizona was a collection of an alleged debt. BANA has made yet another frivolous and unfounded argument because Ms. Cheek's complaint is about their ACTIONS in an attempt to collect an alleged debt. There weren't ANY discussions by Ms. Cheek on ANY issues related to FDCPA *i.e.* related to the behavior and actions of BANA in their attempt to collect an alleged debt. Further there are no FDCPA counts in this case for improper venue or subject matter jurisdiction.

BANA states "the actions undertaken with Brock & Scott [is] to domesticate the Arizona judgment to North Carolina in order to continue further action consistent with the judgment." (Doc. 15, p 8 ¶ 3). This is nonsensical.

Ms. Cheek argues that BANA's defense is to have a law suit in one state and collect in another at the same time is a deceptive act, and an insult to the Court. In fact, Brock's collection letters do not mention Arizona or a judgment as shown in Exhibits 4 & 5. The court should take note that BANA alludes to alleged facts where there is no evidence supporting those facts in the record.

If Ms. Cheek never mentioned the FDCPA violations in defending herself in the Arizona case, and the parties are not identical, and the Arizona judge did not rule on any violations under the FDCPA as shown in Exhibit C, then the *res judicata* doctrine does not apply.

**C. Plaintiff Cannot Maintain a Cause of Action Against BANA Under FDCPA.**

As the Court is aware, this case is at the pleading stage and not to be decided at the motion to dismiss stage. A simple statement and a motion to dismiss do not constitute evidence.

The standard here is that Ms. Cheek's detailed factual allegations must be accepted as true and demonstrate that Ms. Cheek has stated a claim under the FDCPA for the relief she has requested. Ms. Cheek is not required to provide in full detail all facts that might be submitted on summary judgment or at trial. A complaint is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief [.]" F.R.C.P. 8(a)(2). Ms. Cheek has alleged sufficient detail and the Court can determine the plausibility of her claims.

Ms. Cheek was concise and specific in her first response dispute letter wishing no misunderstanding as to what EXACTLY she was requesting as shown in Exhibit 7. Instead of what she requested, she received a **"2 bullet response"** and **"payment options"** letter as shown in Exhibit 5. Ms. Cheek sent a second very detailed request as to leave no doubt for BANA as to the fact that she was not requesting a mere letter but **validation** as shown in Exhibit 8.

Ms. Cheek did in fact allege sufficient details, and states a plausible cause of action under *Twombly* and *Iqbal.* Therefore this case should move forward to Discovery to enable the true facts to be found so that they can be presented to the triad of fact.

### D. Even if Plaintiff Could Maintain a Cause of Action Against BANA for Violations of FDCPA, Her claim Still Fails Because BANA Properly Validated the Debt.

BANA cites *Chaudhry v. Gallerizzo* 174 F. 3d 394 (4th cir. 1999) case law in support of its defense that BANA has validated the allege debt properly. Ms. Cheek disputes BANA's attempt to quote a portion of *Chaudhry* case decision to justify their defense.

BANA's argument "verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed"

is NOT about validation. Ms. Cheek didn't request **verification**, but **validation** and that is something different.

Ms. Cheek communicated by certified mail dated January 31, 2020, and February 12, 2020, as shown in Exhibits 7 & 8. There are no mentions of verification or attorney legal fees in Ms. Cheek's request as the cited case in *Gallerizzo*. Ms. Cheek has not received any factual evidence of the alleged debt from BANA and counsel Brock, yet they continued to pursue the claim and made demand for payment without validation as shown in Exhibit 5.

Additionally, the *Chaudhry* decision is not about validation with a collection agency. The *Chaudhry* case was about the dispute over additional charges for Attorney fees.

Conveniently, BANA argues the debt validation letter provided by Brock "clearly shows that the debt is owed by Bank of America, the account number and the amount owed." Ms. Cheek disagrees and their statement is conclusory and unsupported by any factual evidence.

BANA failed to meet the legal requirements for debt validation established by *Gallerizzo* in this case. BANA's argument should be set aside, and the case should go forward to the Discovery stage to reach a proper conclusion on their alleged statement of validation.

**E. The Complaint fails to state a claim against BANA for violations of NCDCA.**

In Count VII, Ms. Cheek in error stated "North Carolina Fair Debt Collection Practices Act, N.C. (NCDCPA) Gen.Stat. §§ 58-70" in her complaint. Instead, Ms. Cheek meant to state "North Carolina Debt Collection Act (NCDCA), N.C. Gen.Stat. §§ 75-50-75-54-75-56."

Ms. Cheek's NCDCA claim, "[t]he NCDCA prohibits debt collectors from engaging in unfair debt collection practices, including the use of threats, coercion, harassment, unreasonable

publications of the consumer's debt, deceptive representations to the consumer, or other unconscionable means." *Ross v. FDIC*, 625 F.3d 808, 817 (4th Cir. 2010); see N.C. Gen. Stat. §§ 75-50-75-56. An NCDCA claim has three threshold requirements. See *Davis Lake Cmty. Ass'n v. Feldmann*, 138 N.C. App. 292, 295, 530 S.E.2d 865, 868 (2000); *Reid v. Ayers,* 138 N.C. App. 261, 263, 531 S.E.2d 231, 233 (2000). First, the "obligation owed must be a `debt;' second, the one owing the obligation must be a `consumer;' and third, the one trying to collect the obligation must be a `debt collector.'" *Reid,* 138 N.C. App. at 263, 531 S.E.2d at 233; see *Glenn v. FNF Servicing, Inc.*, No. 5:12-CV-703-D, 2013 WL 4095524, at *3 (E.D.N.C. Aug. 13, 2013) (unpublished).

Under N.C. Gen.Stat. § 75-54, unfair practices include conduct which is fraudulent, deceptive or misleading in debt collection. To prevail on a claim for violation of this section, one need not show deliberate acts of deceit or bad faith, but must nevertheless demonstrate that the act complained of "possessed the tendency or capacity to mislead, or created the likelihood of deception." *Overstreet v. Brookland, Inc.*, 52 N.C.App. 444, 279 S.E.2d 1 (1981).

**§ 75-54** states in parts: **Deceptive representation**. No debt collector shall collect or attempt to collect a debt or obtain information concerning a consumer by any fraudulent, deceptive or misleading representation. Such violation includes, but not limited to the following:

(4) Falsely representing the character, extent, or amount of a debt against a consumer or of its status in any legal proceeding.

(6) Falsely representing that an existing obligation of the consumer may be increased by the addition of attorney's fees, investigation fees, service fees, or any other fees or charges.

## VII. COUNT VII

### Violations of the North Carolina Debt Collection Act
### N.C. Gen.Stat. § 75-50 § 75-54 § 75-56, *et seq.*

1. Ms. Cheek is a consumer as defined by G.S. § 75-50(1).

2. BANA is a debt collector as defined by G.S. § 75-50(3).

3. BANA violated G.S. § 75-54(4) by "falsely representing the ... amount of a debt" against Ms. Cheek by misleading her in trying to collect an amount from the Arizona judgment that included attorney fees.

4. BANA violated G.S. § 75-54(4) by "deceptive or misleading representation" against Ms. Cheek when she requested validation of the alleged debt, and they proceeded to collect without any evidence to the amount of the alleged debt.

5. BANA violated G.S. § 75-54(6) by "falsely representing that an existing obligation of the consumer may be increased by the addition of attorney's fees, investigation fees, service fees, or any other fees or charges" against Ms. Cheek by misleading her in adding attorney and other fees of an alleged debt she denied from another case in another state.

6. Under G.S. § 75-56(b) BANA's violation of the NCDCA render them liable to Ms. Cheek includes, but not limited to statutory damages, costs, and attorney's fees.

### PRAYER FOR RELIEF

**WHEREFORE,** Ms. Cheek prays that this court:

a) Declare that BANA's actions violate the NCDCA;

b) Enter judgment in favor of Ms. Cheek for statutory damages of four thousand dollars $4,000 for each violation, under N.C. Gen.Stat. § 75-56(b);

c) Grant such further relief as deemed just.

## VIII. CONCLUSION

BANA is fully aware what the requirements of the FDCPA and NCDCA are. The fact that BANA did not verify, state, or show any evidence they are the original creditor in their Motion to Dismiss leads to a reasonable assumption there would be more information that was not disclosed as required under 15 U.S.C §1692(g). BANA's Motion to Dismiss should be denied and this case should move forward to Discovery in order to answer questions factually.

**WHEREFORE,** because BANA has failed to make any factual arguments for dismissal before the Honorable Court, Ms. Cheek respectfully requests the Court DENY BANA's Motion to Dismiss, and allow Ms. Cheek's claim to move forward to trial on the merits. Should the Court find that Ms. Cheek has failed to state a claim, that this court grant her leave to file an Amended Complaint to correct any deficiencies identified by the Court in its order.

### DEMAND FOR TRIAL BY JURY

Ms. Cheek hereby demands a trial by jury of all facts so triable as matter of law.

Dated: May 8, 2020               Respectfully Submitted,

*LeGretta F Cheek*
_____
LeGretta F. Cheek
113 Indian Trail Rd N, Suite 100
Indian Trial, North Carolina 28079
704.578.4889
lcheek9167@aol.com

# CERTIFICATE OF SERVICE

I hereby certify this **PLAINTIFF'S OPPOSITION TO DEFENDANT BANK OF AMERICA, N.A. MOTION TO DISMISS** was **hand-delivered** on Friday, May 8th, 2020, to the United States District Court, Western District Court of North Carolina, 401 West Trade Street, Charlotte, NC 28202. The Attorneys of records has access to the Clerk of Court electronic CM/ECF system, which will transmit an email notification of such filing to the following attorneys of record:

Tonya L. Urps
McGuireWoods LLP
201 N. Tryon Street, Suite 3000
Charlotte, NC 28202
turps@mcguirewoods.com
*Counsel for Bank of America, N.A.*

Alan M. Presel
Brock & Scott, PLLC
8757 Red Oak Blvd., Suite 150
Charlotte, NC 28217
alan.presel@brockandscott.com
*Counsel for Brock & Scott, PLLC and Birshari Cooper*

Caren D. Enloe
SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS LLP
P.O. Box 176010
Raleigh, NC 17601 cenloe@smithdebnamlaw.com
*Counsel for Defendants Gurstel Law Firm, P.C. Whitney M. Jacobson, Jesse Vassallo Lopez*

This is the 8th day of May, 2020.

Respectfully submitted,

*LeGretta S Cheek* (signature)
LeGretta F. Cheek
113 Indian Trail Rd. N Suite 100
Indian Trail, NC 28079
704-578-4889
lcheek9167@aol.com
Plaintiff *pro se*