UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

| | |
|---|---|
| LEGRETTA F. CHEEK,<br><br>                      **Plaintiff,**<br>v.<br><br>BANK OF AMERICA, N.A., JOHN DOE, GURSTEL LAW FIRM, P.C., WHITNEY M. JACOBSON, JESSE VASSALLO LOPEZ, BROCK & SCOTT, PLLC, AND BIRSHARI COOPER,<br><br>                      **Defendants.** | Case No.: 3:20-cv-00182-RJC-DSC<br><br>**DEFENDANT BANK OF AMERICA, N.A.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT (ECF NO. 1.)** |

    Defendant Bank of America, N.A. (**BANA**), replies in support of its motion to dismiss (**Motion**) Plaintiff Legretta F. Cheek's (**Plaintiff**) Complaint (**Complaint**), with prejudice.

    **I.**      **INTRODUCTION**

    Plaintiff's Opposition to BANA'S Motion to Dismiss fails to actually address, much less overcome, the undisputed facts and controlling law discussed in BANA's Motion. This reality alone is sufficient to warrant dismissal under Rule 12. Despite Plaintiff's anemic and unsupported arguments to the contrary, it is abundantly clear that the only purpose of Plaintiff's Complaint is to attack the judgment previously entered against her by the Arizona Court, which conclusively established Plaintiff's liability for the underlying credit card debt at issue in this case and BANA's right to take legal action consistent with the judgment. As such, this Court should dismiss this matter and put an end to Plaintiff's clear attempts to re-litigate the Arizona litigation.

    Given the nature of Plaintiff's papers, BANA submits the following summary of the analyses which remain determinative here. Specifically, all of Plaintiff's claims fail for the following reasons:

    **First**, Plaintiff's claims are barred by the Rooker-Feldman doctrine;

1

**Second**, Plaintiff's claims are barred by the doctrine of *res judicata*;

**Third**, Plaintiff cannot state a claim against BANA for violation of the FDCPA; and

**Finally**, Plaintiff cannot state a claim against BANA for violation of the NCDCPA.

Given the insurmountable jurisdictional and pleading defects appearing throughout Plaintiff's Complaint BANA prays that the Court grant its Motion to Dismiss, with prejudice.

II. ARGUMENT

A. This action is barred by the Rooker-Feldman Doctrine.

As more fully argued in BANA's Motion, under the Rooker-Feldman doctrine, federal district courts lack jurisdiction to review alleged errors in state court decisions. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (holding that review of state court determinations can be obtained only in the United States Supreme Court). The doctrine applies to "cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In other words, under *Rooker/Feldman*, a federal court cannot sit in the place of a court of appeal to litigate facts or determinations made by state courts, particularly where there is a means of appeal expressly provided under state law. *See Washington v. Wilmore*, 407 F.3d 274 (4th Cir. 2005); *Holliday Amusement Co. of Charleston, Inc. v. State of South Carolina*, 401 F.3d 534 (4th Cir. 2005), cert. denied, 126 S.Ct. 357. The doctrine bars the exercise of federal court jurisdiction over claims that have already been judicially determined by a State Court and extends to claims that are "inextricably intertwined" with those adjudicated in a state court. *Feldman*, 460 U.S. at 483 n. 16.

Here, the *Rooker/Feldman* doctrine forbids this Court from supplanting the Arizona State Court's Judgment with a judgment of its own, regardless of whether Plaintiff challenges the substantive basis for the Judgment or the State Court's procedure for rendering it. *See, e.g., Anderson v. Charter Township of Ypsilanti*, 266 F.3d 487, 492-94 (6th Cir. 2001) (stating that *Rooker/Feldman* doctrine applies in cases "that constitute a direct attack on the substance of the state court opinion" and "cases that challenge the procedures by which a state court arrived at its decision"). Indeed, the Supreme Court has held, "The Rooker-Feldman doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).

As more particularly argued in BANA's Motion, the Plaintiff's Complaint in this action is a <u>direct attack</u> upon the judgment of the Arizona State Court. All of the allegations in this case arise from conduct associated with the Arizona Litigation and Plaintiff's Opposition admits this with startling detail. (ECF. No. 23, pp. 2-5.) In fact, Plaintiff's Complaint in this matter has only one purpose, to challenge the validity of the Arizona Court's Judgment by continuing to deny liability for the debt as well as the Arizona Court's jurisdiction to enter the judgment. (ECF. No. 1, ¶¶ 38, 45, ECF. No. 23, pp. 2-3.) Plaintiff attempts to persuade this Court that her argument here, that BANA has violated FDCPA, was not litigated in Arizona. (ECF. No. 23, p.7). Plaintiff argues that her Complaint is not related to what she continually refers to as "the *alleged debt"* but instead attempts to couch her argument as only being related to BANA's attempt to collect the same debt twice. *Id*. However, the purpose of this action is to specifically attack BANA's conduct in collecting a debt that the Arizona Court has already conclusively established is owed to BANA

3

by Plaintiff. (ECF. No. 15, Ex. C.) As such, Plaintiff's allegations are inextricably intertwined with those already adjudicated in Arizona and are therefore, barred. *Feldman*, 460 U.S. at 483 n. 16.

The Plaintiff had a full and fair opportunity to litigate her claims challenging the validity of BANA's claims against her. Having lost before the State Court, she cannot commence a new proceeding based entirely upon the State Court Action before this Court and seek relief that would be inconsistent with the judgment of the State Court. It is clear that Plaintiff is continuing to contest her liability for the debt at issue here. As such, her claims are barred by the Rooker-Feldman doctrine, this Court lacks subject matter jurisdiction, and the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### B. This action is barred by *res judicata*.

As more fully argued in BANA's Motion, r*es judicata*, or claim preclusion, "bars further claims by parties or their privies based on the same cause of action" where there has been a final judgment on the merits. *In re Gen. Adjudication of All Rights to Use Water in the Gila River Sys. & Source*, 212 Ariz. 64, 69, ¶ 14, 127 P.3d 882, 887 (2006) (*quoting Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)). There are three elements of *res judicata*, all of which must be met: "(1) an identity of claims in the suit in which a judgment was entered and the current litigation, (2) a final judgment on the merits in the previous litigation, and (3) identity or privity between parties in the two suits." *Id*. at 69–70, ¶ 14, 127 P.3d at 887–88 (*emphasis added*). Moreover, "[a] valid final judgment is also conclusive as to every issue decided and every issue raised by the record *that could have been decided*." *Heinig v. Hudman*, 177 Ariz. 66, 71, 865 P.2d 110, 115 (App.1993) (emphasis added.)

4

Case 3:20-cv-00182-RJC-DSC   Document 24   Filed 05/13/20   Page 4 of 11

Here, despite Plaintiff's unsupported allegations to the contrary, it is indisputable that all necessary elements of *res judicata* are present. **First**, the properly named parties in this action are identical to those in the Arizona Litigation. (Compare ECF. No. 1 with Ex. A.) **Second**, the Maricopa County Superior Court's entry of judgment against Plaintiff was a final judgment and adjudication on the merits. **Finally**, in the Arizona Litigation, the Plaintiff filed an answer raising the same issues of improper venue, subject matter jurisdiction and the failure of BANA or its agents to properly validate the debt pursuant to FDCPA. (Ex. B.) Accordingly, Plaintiff's Complaint before this Court is specifically barred by *res judicata*, because any claims Plaintiff alleges here arising from the FDCPA and or NCDCPA arise from the same transactions or occurrences that formed the basis for her claims and defenses alleged in the Arizona Litigation.

It is also true that the judgment against Plaintiff is preclusive as to every issue that *could have been decided* in the Arizona Litigation. *Heinig v. Hudman*, 177 Ariz. 66, 71, 865 P.2d 110, 115 (App.1993). All of the factual allegations in the Complaint filed before this Court describe communications between Plaintiff and co-Defendants Gurstel during the Arizona Litigation and the actions undertaken by Brock & Scott to domesticate the Arizona judgment to North Carolina in order to continue further action consistent with the judgment[1]. (ECF. No 1, ¶¶ 44-53.) Neither Plaintiff's Complaint nor her Opposition contain allegations of any action or conduct by BANA apart from activity that occurred as part of the Arizona Litigation or through the co-Defendants' representation of BANA in connection with the collection of Plaintiff's credit card account and the Arizona judgment. Thus, even though Plaintiff did not specifically allege claims under the FDCPA

---

[1] Plaintiff's allegations, that BANA is trying to collect on the "same debt" in two different states, are unsupported by facts or legal authorities. It is undisputed that BANA has the right to domesticate the judgment entered against Plaintiff in Arizona and continue further collection actions in North Carolina. BANA's actions as alleged by Plaintiff are not illegal and cannot serve as the basis for any claim.

5

Case 3:20-cv-00182-RJC-DSC   Document 24   Filed 05/13/20   Page 5 of 11

or the NCDCPA in the Arizona Litigation, the factual basis for Plaintiff's claims are the same as the defenses Plaintiff raised in the Arizona Litigation.

It is clear that Plaintiff seeks to advance arguments in support of claims which have already been decided by the State Court and her Opposition does nothing to dispel this fact. However, the determination of the Arizona State Court should be binding since Plaintiff "enjoyed a full and fair opportunity to litigate" these issues in Arizona. Accordingly, this action is barred by the doctrine of *res judicata*, and should be dismissed, with prejudice.

> C. **Plaintiff Cannot Maintain a Cause of Action Against BANA Under FDCPA**.

Even if Plaintiff's claims were not otherwise barred, which they are, Plaintiff still cannot maintain a claim against BANA under FDCPA.

As an initial matter, to establish a claim under the FDCPA, "a plaintiff must prove that: '(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" *Boosahda v. Providence Dane LLC*, 462 F. App'x 331, 333 n. 3 (4th Cir.2012) (quoting *Ruggia v. Wash. Mut*., 719 F.Supp.2d 642, 647 (E.D.Va.2010)); *see Stewart v. Bierman*, 859 F.Supp.2d 754, 759 (D.Md.2012). "Debt collectors that violate the FDCPA are liable to the debtor for actual damages, costs, and reasonable attorney's fees. 15 U.S.C. § 1692k(a)(1), (a)(3)." *Russell*, 763 F.3d at 389. "The FDCPA also provides the potential for statutory damages up to $1,000 subject to the district court's discretion. *Id.* § 1692k(a)(2) (A)." *Id.*

FDCPA defines the term "debt collector," in relevant part, as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly,

debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Therefore, to be subject to the FDCPA, the entity must be "a business the principal purpose of which is the collection of any debts," or one that "regularly collects or attempts to collect ... debts ...." 15 U.S.C. § 1692a(6); *see Schlegel v. Wells Fargo Bank, N.A.*, 720 F.3d 1204, 120809 (9th Cir.2013); *Police v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 404 (3d Cir.2000).

FDCPA further specifies that a "creditor" is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4). An entity that "offers or extends credit creating a debt" qualifies as a creditor for the purposes of the FDCPA. 15 U.S.C. § 1692a(4). As a result, "[c]rediting institutions, such as banks, are not debt collectors under section 1692a(6)(A) because they collect their own debts and are in the business of lending money to consumers." *Davis v. Dillard Nat'l Bank*, No. 1:02–cv–546, 2003 WL 21297331 at *4 (M.D.N.C. June 4, 2003) (unpublished).[2]

Finally, "[t]he structure of the Act suggests that "an entity receiving or attempting to collect money due on a debt "must be one or the other," that is, either a debt collector or a creditor. *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 538 (7th Cir.2003); *see F.T.C. Check Investors, Inc.*, 502 F.3d 159, 173 (3d Cir.2007) ("[A]s to a specific debt, one cannot be both a 'creditor' and a 'debt collector,' as defined in the FDCPA, because those terms are mutually exclusive."); *accord, e.g., Bradford v. HSBC Mortgage Corp.*, 829 F.Supp.2d 340, 348 (E.D.Va.2011). In other words, creditors and debtors are generally "mutually exclusive" categories under the FDCPA. *Schlosser*, 323 F.3d at 536.

---

[2] Non-binding unpublished decisions are cited only for the persuasive value of their reasoning.

Here, despite her bare allegations to the contrary, Plaintiff has not alleged any facts, whatsoever, to show that BANA is a debt collector as defined by FDCPA. Therefore, Plaintiff's attempt to bring a FDCPA claim against BANA fails as a matter of law and must be dismissed.

> D. **Even if Plaintiff Could Maintain A Cause of Action Against BANA for Violation of FDCPA, Her Claim Still Fails Because BANA Properly Validated The Debt.**

Even if Plaintiff could state a cause of action against BANA for violation of FDCPA (which she cannot) her claim still fails. Specifically, even if BANA was required to provide debt validation[3] under FDCPA, Plaintiff cannot show that she is entitled to define the parameters of debt validation over and above what the law requires. It is undisputed that compliance with the debt validation provisions of FDCPA has been defined by the Courts. *See Chaudhry v. Gallerizzo*, 174 F.3d 394 (4th Cir. 1999). At the minimum, "verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed." *Id*. at 406 (*citing Azar v. Hayter*, 874 F.Supp. 1314, 1317 (N.D.Fla.), aff'd,66 F.3d 342 (11th Cir.1995)).

Here, Plaintiff admitted that BANA or its agents responded to her request for debt validation but avers that the response was unacceptable to her. (ECF No. 1, ¶ 49, ECF. No. 23, pp. 11-12.) However, Plaintiff does not provide any points or authorities to show how or why the validation was improper or how the validation(s) failed to comply with *Gallerizzo*.[4] (ECF No. 1, ¶¶ 47, 49.) Indeed, the debt validation letter provided to Plaintiff by Brock & Scott is attached to Plaintiff's Complaint as Exhibit 5 and clearly shows that the debt is owed to Bank of America, the account number and the amount owed.

---

[3] Plaintiff attempts to get around the clear holding of the Court by arguing that she seeks debt validation, not debt verification. This argument is nonsensical and unsupported by the law.

[4] Compliance with the debt validation provisions of FDCPA in the Ninth Circuit, which includes the State of Arizona, has been defined by the Courts. *See Clark v. Capital Credit & Collection Services, Inc*., 460 F.3rd 1162 (9th Cir. 2006) ("Rather, we adopt as a baseline the more reasonable standard articulated by the Fourth Circuit in *Chaudhry v. Gallerizzo*, 174 F.3d 394 (4th Cir. 1999). At the minimum, "verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed." *Id*. at 406 (*citing Azar v. Hayter*, 874 F.Supp. 1314, 1317 (N.D. Fla.), aff'd,66 F.3d 342 (11th Cir.1995)).

Here, Plaintiff has not alleged and cannot show that BANA failed to meet the legal requirements for debt validation established by *Gallerizzo* and the documents attached to her Complaint conclusively establish compliance with FDCPA, as a matter of law. Therefore, her Complaint fails and must be dismissed, with prejudice.

> **E.    The Complaint fails to state a claim against BANA for violation of NCDCPA.**

As argued more thoroughly in BANA's Motion, Count VII of the Complaint in this action contains little more than a list of statutory paragraphs without any identification of facts supporting claims under these provisions. The Supreme Court in *Twombly* specifically held that "a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." 500 U.S. at 555. *Twombly* made it clear that it is not sufficient for a plaintiff to merely plead the elements of a cause of action without pleading facts in support of those claims.

In response to BANA's argument, Plaintiff Opposition apparently attempts to assert an amendment to her Complaint, in order to distinguish that she *meant* to bring an action under N.C. Gen. Stat. §§ 75–50–75–56. (ECF. No. 23, pp. 12-14.) However, even if the Court were to accept this improper amendment, Plaintiff's claim still fails. Plaintiff's Opposition, like her complaint, contains nothing more than a list of statutory paragraphs without any identification of facts in support of her claim under NCDCPA. (*Id*.) Plaintiff seems to argue that BANA has committed some fraud against her by domesticating the Arizona judgment to North Carolina. However, the judgment obtained against Plaintiff in Arizona is a final judgment and Plaintiff has not cited to any facts or legal authorities to support an argument that domesticating the Arizona judgment to North Carolina in order to continue collection is either illegal or fraudulent. As such, Plaintiff has wholly

9

failed to state a claim for which relief can be granted against BANA under NCDCPA and her Complaint must be dismissed, with prejudice.

### III. CONCLUSION

For the reasons set forth above, the Court should dismiss Plaintiff's Complaint, with Prejudice.

DATED this 13th day of May, 2020.

                                            */s/ Tonya L. Urps*
                                            Tonya L. Urps (NC Bar No. 20171)
                                            McGuireWoods LLP
                                            201 N. Tryon Street, Suite 3000
                                            Charlotte, NC 28202
                                            Tel: (704) 373-8858
                                            Fax: (704) 353-6199
                                            Email: turps@mcguirewoods.com
                                            *Counsel for Defendant Bank of America, N.A.*

# CERTIFICATE OF SERVICE

I certify that on May 13, 2020, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system and electronic mail to the following:

LeGretta F. Cheek
113 Indian Trail Road, Ste 100
Indian Trail, NC 28079
Lcheek9167@aol.com
*Plaintiff*

Caren D. Enloe
Smith Debnam Narron Drake Saintsing & Myers, LLP
Attorney for Gurstel Law Firm, PC
PO Box 176010
Raleigh, NC 27619
cenloe@smithdebnamlaw.com
*Attorney for Gurstel Law Firm, PC, Whitney M. Jacobson, and Jesse Vassallo Lopez*

Alan M. Presel, Esq.
Brock & Scott, PLLC
8757 Red Oak Blvd, Ste 150
Charlotte, NC 28217
Alan.Presel@BrockandScott.com
*Attorney for Brock & Scott and Birshari Cooper*

                                              */s/ Tonya L. Urps*
                                              Tonya L. Urps