UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LEGRETTA F. CHEEK,<br><br>                Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.; JOHN DOE; GURSTEL LAW FIRM, P.C.; WHITNEY M. JACOBSON; JESSE VASSALLO LOPEZ; BROCK & SCOTT, PLLC; BIRSHARI COOPER,<br><br>                Defendants. | CASE NO.: 3:20-CV-00182-RJC |

## DEFENDANTS BROCK & SCOTT, PLLC AND BIRSHARI COOPER'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT

**NOW COME** Defendants Brock and Scott, PLLC ("B&S"), and Birshari Cooper ("Cooper") (collectively "Defendants"), by and through their undersigned counsel, and submit this Memorandum of Law in Support of Motion to Dismiss pursuant to Rule 8 and Rule 12 of the Federal Rules of Civil Procedure (the "Rules").

Plaintiff's process is deficient as to Cooper, and Plaintiff failed to properly serve that deficient process upon Cooper. Thus, the Complaint should be dismissed as to Cooper for insufficient process, insufficient service of process, and, consequently, lack of personal jurisdiction, pursuant to Rules 12(b)(2), (4) & (5) of the Rules. In addition, the Complaint should be dismissed as to both Defendants for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(1) & (6) of the Rules.

### PROCEDURAL BACKGROUND

On March 23, 2020, Plaintiff LeGretta F. Cheek ("Plaintiff") initiated this action by filing a Complaint against Defendants Bank of America, N.A. ("BANA"), John Doe, Gurstel Law

Firm, P.C. ("Gurstel"), Whitney M. Jacobson, Jesse Vassallo Lopez, Brock & Scott, PLLC, and Birshari Cooper (the "Complaint"). On March 23, 2020, Summonses were issued against Defendants. The Complaint and Summons addressed to B&S were received by B&S via certified mail on or about March 26, 2020. The Complaint and Summons addressed to Cooper were received by B&S via regular mail on or about March 26, 2020. No Summons or Complaint was served upon Cooper.

## ARGUMENT

### I. As to Cooper, Process is Defective and Attempted Service of Process Failed to Comply with the Rules.

#### A. The Summons itself is Insufficient as to Cooper.

Cooper is an individual and natural person. The Summons issued by this Court to Cooper was not addressed to her dwelling, dwelling house or usual place of abode. F.R Civ. P. 4(e). It was addressed to the attention of B&S, which as more fully set forth below was the business address of her former employer. Therefore, said Summons is defective. Due to the defective Summons, this Court lacks personal jurisdiction over Cooper and the Complaint should be dismissed as to Cooper in accordance with Rule 12(b)(2) and/or (4).

#### B. The Attempted Service of the Summons is Insufficient.

A court may not exercise personal jurisdiction over a defendant until "there is a valid service of process upon the Defendant." *Shaver v. Coleemee Volunteer Fire Dept.,* 2008 WL 942560, *1 (M.D.N.C. Apr. 7, 2008) (citing *Armco, Inc. v. Penrod-Stauffer Bldg. Sys.*, 733 F.2d 1087, 1089 (4th Cir. 1984)). Rule 12(b)(4) and (5) authorizes a defendant to seek dismissal of a civil action for "insufficient process" and/or "insufficient service of process." "A motion [to dismiss] under Rule 12(b)(5) is the appropriate means for challenging the manner or sufficiency of service of process. The plaintiff bears the burden of establishing that service of process has

2

been accomplished in a manner that complies with Rule 4." *Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F. Supp. 519, 526 (M.D.N.C. 1996) (internal citations omitted).

Rule 4(e)(1) provides that a plaintiff may perfect service upon an individual such as Cooper by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"; or

> (2) doing any of the following:
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1) & (2). Plaintiff's attempted service of process on Cooper failed to comply with either means of service.

Rule 4(j)(1) of the North Carolina Rules of Civil Procedure states that service may be made upon a natural person:

> a. By delivering a copy of the summons and of the complaint to the natural person or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.
> b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
> c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.
> d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the party to be served, delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.
> e. By mailing a copy of the summons and of the complaint by signature confirmation as provided by the United States Postal Service, addressed to the party to be served, and delivering to the addressee.

N.C.G.S. § 1A-1, Rule 4(j)(1).

Rather than serving the Summons on Cooper in one of the above-listed methods, Plaintiff mailed the Summons and Complaint, via regular United States Postal Service mail only to B&S. B&S was Cooper's former employer, as her employment with B&S terminated on March 20, 2020, which predates the commencement of this action. B&S is not an agent authorized by appointment or by law to be served, accept or receive service of process. Plaintiff has not alleged that B&S is such an authorized agent. Plaintiff's attempted service on Cooper fails to comply with the standards of Rule 4(e)(1) or (2), and, thus, is not proper pursuant to either the Federal Rules or North Carolina Rules of Civil Procedure. Therefore, Plaintiff's process, and the service thereof, are insufficient. *See Shaver*, 2008 WL 942560, *2; *Adams v. GE Money Bank*, 2007 WL 1847283, *2-3 (M.D.N.C. June 25, 2007).

North Carolina federal courts have repeatedly held that "[s]ervice of process cannot be effected upon Defendant by serving at his place of employment individuals who are not authorized to accept service of process." *Elkins v. Broome*, 214 F.R.D. 273, 276, (M.D.N.C. 2003). The Court in *Shaver* held that

> North Carolina law requires that service of process statutes be strictly construed and followed, and a plaintiff who fails to comply with them, even where actual notice occurs, does not properly serve the defendant. "Absent valid service of process, a court does not acquire personal jurisdiction over the defendant and the action must be dismissed."

*See Shaver*, 2008 WL 942560, *2 (quoting *Thomas & Howard Co. v. Trimark Catastrophe Serv. Inc.*, 151 N.C. App. 88, 91, 564 S.E.2d 569, 572 (2002) (internal citations omitted).

> The filing of a lawsuit is a serious event, irrespective of its merit. Service rules are structured to ensure due process and uniformity in the application of procedures….These rules apply equally to litigants proceeding with or without counsel. Service of process is not freestyle, and courts are directed not to overlook procedural deficiencies just because actual notice occurred.

*Id.*

It is undisputed that Plaintiff's process, and the attempted service thereof on Cooper, did not comply with either Federal or North Carolina procedural requirements. Therefore, this Court lacks personal jurisdiction over Cooper. Pursuant to Rule 12(b)(2), (4) and/or (5), Plaintiff's Complaint should be dismissed as to Cooper.

## II. **Complaint Fails to State a Claim for Relief Upon Which Relief Can Be Granted.**

### *A. Standard of Review.*

Rule 12(b)(6) is the appropriate procedure for a party to seek the dismissal of a civil action for "failure to state a claim upon which relief can be granted." F.R Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests the legal and factual sufficiency of a plaintiff' complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Orban v. Nationwide Trustee Servs.*, 2014 WL 6476235, *3 (W.D.N.C. Nov. 19, 2014) (quoting *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 550)). "The facial plausibility standard requires 'the plaintiff to articulate facts, when accepted as true, that 'show' the plaintiff has stated a claim entitling him to relief.'" *Id.* (quoting *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 570)).

The United States Supreme Court has held that the facial plausibility standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

5

Whether a complaint is legally sufficient also depends upon whether it meets the pleading standards set forth in Rule 8. *Campbell v. Wells Fargo Bank, N.A.,* 73 F. Supp. 3d 644, 647 (E.D.N.C. 2014). The purpose of Rule 8 is to ensure that a defendant has "adequate notice of the nature of the claim against it." *Id.* Rule 8(a)(2) provides that a complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint is facially sufficient where a party has pleaded "enough facts to state a claim for relief that is plausible on its face. [N]aked assertions of wrongdoing, devoid of factual enhancement, cannot cross the line between possibility and plausibility of entitlement to relief." *Campbell*, 73 F. Supp. 3d at 648. (internal quotations omitted). "A plaintiff armed with nothing more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' cannot proceed into the litigation process." *Id.* at 193 (quoting *Twombly*, 550 U.S. at 555).

While complaints filed by *pro se* litigants are to be liberally construed, they still must comply with Rule 8. *Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 252 (4th Cir. 2005). Rule 8 does not "unlock the door of discovery for a plaintiff armed with nothing more than conclusions." *Tilly v. Citibank NMTC Corp.*, 2013 WL 6579001, *5 (M.D.N.C. Dec. 13, 2013). Federal courts may not ignore a *pro se* plaintiff's failure to allege facts that set forth a cognizable claim. *See Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011). "[W]hile *pro se* complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Weller v. Dept. of Soc. Serv. of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)). For the following reasons, Plaintiff's Complaint fails to meet the

minimum pleading standards, and therefore, fails to state a claim upon which relief can be granted.

### B. Complaint Barred by Rooker-Feldman Doctrine.

Plaintiff's Complaint is barred by the *Rooker-Feldman* doctrine which prohibits lower federal courts from exercising appellate jurisdiction over state court judgments. *See Exxon Mobil v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Verizon Md., Inc., v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 644 n. 3 (2002). "Under the *Rooker-Feldman* doctrine, state-court losers are not permitted to bring follow-up actions in federal court for the purpose of complaining of errors and injuries caused by state court judgments and inviting federal court review of those judgments." *Hasalia v. Walker*, 416 B.R. 449, 461 (Bankr. W.D.N.C. 2009). Instead, "jurisdiction to review such decisions lies exclusively within superior state court and, ultimately, the United States Supreme Court." *Plyler v. Moore,* 129 F.3d 728, 731 (4th Cir.).

As set forth in the Complaint, Plaintiff "incurred an alleged debt through a credit account with BANA." (Compl. ¶ 31). "The alleged obligation arose from an allege [sic] credit account number *************2536 issued by BANA in the amount of $34,139.70. [Plaintiff] Ms. Cheek subsequently defaulted on BANA allege [sic] credit account number *************2536." (Compl. ¶ 33-34). "BANA hired Gurstel Defendants to bring legal action against [Plaintiff] Ms. Cheek to collect on the alleged credit account number *************2536." (Compl. ¶ 35). Through its counsel Gurstel, BANA filed a lawsuit on or about December 6, 2018, in the Superior Court of the State of Arizona, County of Maricopa, in Case No. CV2018-056884, to collect on said account (the "**Arizona Litigation**"). (Compl. ¶ 37) ([D.E. 15], BANA MTD, Ex. A). Although Plaintiff alleges she was domiciled in North

7

Case 3:20-cv-00182-RJC-DSC   Document 26   Filed 05/15/20   Page 7 of 18

Carolina at the time, Plaintiff admits that Gurstel "effectuated service at an Arizona address were [sic] Ms. Cheek was visiting as shown in Exhibit 2." (Compl. ¶ 38-39; Ex. 2). "On October 2, 2109, a Judgment was ordered for BANA and Gurstel Defendants in the State of Arizona District Court of Maricopa County for the amount of $34,586.00, which included accrued cost through date of judgment of $446.30 against Ms. Cheek as shown in Exhibit 3." (Compl. ¶ 41; Ex. 3) (BANA MTD, Ex. C). Plaintiff has not alleged that the October 2, 2019 Judgment entered by the Arizona Superior Court in the Arizona Litigation (the "**Judgment**") has been appealed, overturned or reversed and, thus, the Judgment remains in full force and effect.

BANA retained B&S to enforce the Judgment in accordance with Chapter 1C, Article 17 of the North Carolina General Statutes (Uniform Enforcement of Foreign Judgments Act). As concerns Plaintiff's claims against B&S and/or Cooper, the relevant factual allegations set forth in the Complaint are as follows: Cooper, an attorney at B&S at the time, sent the letter dated January 20, 2020 to Plaintiff. (Compl. ¶ 46; Ex. 3). On or about February 3, 2020, B&S received a request from Plaintiff seeking verification of the debt set forth in the January 20, 2020 letter. (Compl. ¶ 47). In response to this request, B&S sent the letter dated February 4, 2020. (Compl. ¶ 48, Ex 5). Plaintiff apparently, albeit erroneously, believes that both Gurstel and B&S are/were simultaneously attempting to collect the same debt. (Compl. ¶ 50-52). On behalf of BANA, Gurstel obtained the Judgment, and the Complaint sets forth no further collections activities by said law firm, and subsequently B&S was retained to execute on said Judgment.

The Complaint includes seven (7) claims for relief against the defendants:

- Count I is against Defendants BANA and/or Gurstel only.
- Count II is against Defendants BANA, B&S and/or Cooper.
- Count III is against Defendant BANA only.
- Count IV is against Defendants BANA, B&S and/or Cooper.
- Count V is against Defendants BANA, B&S and/or Cooper.
- Count VI does not state against which Defendants it seeks relief.

8

- Count VII is against Defendants BANA, Gurstel, B&S and/or Cooper.

(Compl. ¶54-77). Accordingly, Counts I and III seek no relief against B&S and/or Cooper.

   i. <u>Count II, 15 U.S.C. § 1692(f)(1)</u>

In Count II of the Complaint, Plaintiff contends that BANA, B&S and/or Cooper violated Section 1692f(1) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(f)(1) (the "FDCPA"), "by using unfair practice in an attempt to collect an alleged debt from [Plaintiff] Ms. Cheek in the amount of $34,586.00 in which such amount is not permitted by law due to BANA cannot go after the amount they improperly got in a judgment in the State of Arizona, including all the charges that were improperly gotten to begin with." (Compl. ¶61). It appears that Plaintiff alleges that the Judgment cannot be enforced because it was improperly obtained in the Arizona Litigation. However, such a claim is barred by the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine not only applies to any issues actually decided by a state court, but also extends to those issues "'inextricably intertwined with questions encompassed by such rulings.'" *Rink v. Bernhardt v. Strawser, P.A.*, 2103 WL 3712302, *4 (quoting *Plyler v. Moore*, 129 F.3d at 731). A federal claim is "inextricably intertwined" with a state court decision where, "in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual.'" *Judah v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997) (quoting *Ernst v. Child and Youth Servs.*, 108 F.3d 486, 481 (3d Cir. 1997)); *see also Salinas v. US Bank Nat'l Ass'n*, 2014 WL 657400, at *3 (Bankr. E.D.N.C. Feb. 20, 2014) ("Regardless of how many ways plaintiffs seek to recast their claims, or how many fresh approaches they endeavor to take to these issues, the fact is that their grievances with the

defendants are specifically based upon and inextricably intertwined with the exact claims and issues upon which the state courts have ruled against them.").

"[T]his Court and other courts have held that *Rooker-Feldman* prohibits a plaintiff from asserting federal claims attacking a state court" action. *Naylor v. Wells Fargo Home Mortgage, Inc.*, 2016 WL 55292, at *3 (W.D.N.C. Jan. 5, 2016). Moreover, a claim for monetary damages, rather than an explicit reversal of the state court judgment, is barred under the *Rooker-Feldman* doctrine if it "in effect, would require this Court to invalidate the judicial findings made in the state court." *Baxter v. Brock & Scott, PLLC*, 2014 WL 2861800, at *2-3 (W.D.N.C. June 24, 2014).

As best Defendants can discern, Plaintiff's claim is based upon her contention that there was a problem with service or jurisdiction in the Arizona Litigation which resulted in the Judgment. Contrary, to Plaintiff's contention, the Superior Court of the State of Arizona disagreed and entered the Judgment which states "NOW, THEREFORE, IT IS ORDERED that [Bank of America, N.A.] is granted Judgment against Defendant Legretta F Cheek as follows: ….TOTAL JUDGMENT $34,586.00. No further matters remain pending and the judgment is entered pursuant to Ariz. R. Civ. Pro. Rule 54(c)." (Compl. Ex. 3).

Pursuant to the *Rooker-Feldman* doctrine, this Court lacks authority to enter the relief Plaintiff requests because her claims are inextricably intertwined with the Arizona Litigation and would require this Court to overrule the Judgment. "The *Rooker-Feldman* doctrine bars federal courts from sitting 'in direct review of state court decisions.'" *Newsom v. Branch Banking and Trust Company*, 2019 WL 348891, at *4 (E.D.N.C. Jan. 9, 2019) (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-84 (1983)). In other words, *Rooker-Feldman* "'applies when the federal action essentially amounts to nothing more than an attempt to seek

10

review of [the state court's] decision by a lower federal court.'" *Davis v. Durham Mental Health Devel. Disabilities Substance Abuse Area Auth.*, 320 F. Supp. 2d 378, 388 (M.D.N.C. 2004) (quoting *Plyer v. Moore*, 129 F.3d 728, 733 (4th Cir. 1997)).

To grant Plaintiff the relief sought, this Court would have to review and overrule the findings of facts and conclusions of law in the Judgment entered in the Arizona Litigation. The *Rooker-Feldman* doctrine divests this Court of subject matter jurisdiction to examine the state court Judgment. Pursuant to Rule 12(b)(1) & (6) of the Rules, Count II should be dismissed.

    ii.    <u>Count IV, 15 U.S.C. § 1692e(2)(A)</u>

In Count IV of the Complaint, Plaintiff contends that the statement in B&S's February 4, 2020 letter (Compl. Ex 5) "'*If you have any questions or need assistance with payment options…*' is a false representation and deceptive means utilized in the attempt to collect a consumer debt as shown in Exhibit 5 as the term is defined in Section 1692e(2)(A)" apparently based upon Plaintiff's belief that it "falsely represents the amount allegedly owed by [Plaintiff] Ms. Cheek for $34,586.00, which was the judgment amount ordered in the State of Arizona law suit [sic] between BANA and Gurstel." (Compl. ¶¶68-69).

Again, Plaintiff is seeking to collaterally attack the Arizona Litigation Judgment which is expressly prohibited by the *Rooker-Feldman* doctrine. Defendants expressly incorporate the provisions of the immediately preceding section of this Memorandum in support of their argument that this Court lacks jurisdiction and this Count fails to state a claim upon which relief can be granted. To the extent Plaintiff contends that the February 4, 2020 letter is a false representation and/or is otherwise deceptive for any other reason, she has failed to set forth a short and plain statement of such a contention as required by Rule 8(a)(2) of the Rules. Accordingly, pursuant to Rule 12(b)(1) & (6) of the Rules, Count IV should be dismissed.

11

### iii. Count V, 15 U.S.C. § 1692g(b)

In Count V of the Complaint, Plaintiff contends that BANA, B&S and Cooper "violated Section 1692g(b) [of the FDCPA] by failing to provide requested validation of the allege [sic] debt…[and] verification to [Plaintiff] Ms. Cheek [sic] request for the name and address of the original creditor." (Compl. ¶71). Plaintiff does not set forth any factual allegations or legal authority in support of her contention that Defendants violated this section of the FDCPA.

"[T]he Fourth Circuit Court of Appeal has defined what is required to validate a debt as 'nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt.'" *Gough v. Bernhardt & Strawser, PA*, 2006 WL 1875327, at * 5 (M.D.N.C. June 30, 2006) (quoting *Chaudhry v. Gallerizzo,* 174 F.3d 394, 406 (4th Cir. 1999)). Defendants complied with the requirements of Section 1692g(b) by sending the letter dated February 4, 2020 which is attached to the Complaint as Exhibit 5. Defendants confirmed in writing to Plaintiff that the amount demanded of $34,586.00 is what the original creditor BANA is claiming to be owed pursuant to the Judgment entered in favor of BANA in the Arizona Litigation. Since the current creditor, BANA, is the original Judgment creditor, a fact that is not disputed, there is no requirement under Section 1692g that Defendants provide the name and address of a different creditor. Since sending the February 4, 2020 letter, Defendants have ceased collection of the debt, and Plaintiff has not alleged that Defendants have conducted any further collection activities with respect to the debt evidenced by the Judgment. Therefore, Count V fails to state a claim against Defendants upon which relief can be granted. Pursuant to Rule 12(b)(6) of the Rules, Count V should be dismissed.

### iv. Count VI, 15 U.S.C. § 1692k(a)(2)(A)

Count VI of the Complaint merely alleges that Plaintiff suffered out-of-pocket actual damages, and lists some examples. (Compl. ¶73). Since any and all claims alleged against Defendants should be dismissed, Defendants cannot liable for any of these alleged out-of-pocket damages. Thus, Count VI fails to state a claim against Defendants upon which relief can be granted and should be dismissed.

### v. Count VII, N.C.G.S. § 58-70, et seq.

In Count VII of the Complaint, Plaintiff contends that B&S and/or Cooper are a "collection agency" as that term is defined by N.C.G.S. § 58-70-15 and harassed Plaintiff in an attempt to collect an alleged debt in violation of N.C.G.S. § 58-70-100. (Compl. ¶76-77).

First, N.C.G.S. § 58-70-15(c)(8) expressly excludes from the definition of "collection agency" "[a]ttorneys-at-law handling claims and collections in their own name and not operating a collection agency under the management of a layman." Plaintiff has not alleged that any of Defendants' debt collection activity is not taken on behalf of the firm's clients and/or in the firm's name nor has Plaintiff alleged that Defendant(s) is/are managed by a layman. North Carolina law is well-settled that a law firm, such as B&S, falls within the exception of N.C.G.S. § 58-70-15(c)(8) and is not a collection agency. *See Sadler v. Scott Lowery Law Office, P.C.*, 225 N.C. App. 531, ____, 737 S.E.2d 191, ____, (2013).

Second, Plaintiff has failed to allege any conduct on the part of either of the Defendants the natural consequence of which is to oppress, harass or abuse any person in connection with the attempt to collect any debt. The only acts alleged by Plaintiff with respect to Defendants are sending the two (2) letters dated January 20, 2020, and February 4, 2020, neither of which has Plaintiff alleged was intended to or did harass her. As more fully discussed in prior portions of

the Memorandum, said letters were properly provided in connection with enforcement of the foreign Judgment in accordance with Chapter 1C, Article 17 of the North Carolina General Statutes.

Therefore, as a matter of law Count VII fails to state a claim against Defendants upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Rules.

### III. PLAINTIFF'S CLAIMS BARRED BY DOCTRINE OF COLLATERAL ESTOPPEL.

Plaintiff is collaterally estopped from asserting claims challenging the rulings of the courts of the State of Arizona regarding the validity of the Judgment. Accordingly, Plaintiff's claims should be dismissed.

Under the doctrine of collateral estoppel, "the determination of an issue in a prior judicial or administrative proceeding precludes the relitigation of that issue in a later action." *Whitacre P'ship v. Biosignia, Inc.*, 358 N.C. 1, 15, 591 S.E.2d 870, 880 (2004). This doctrine requires "(1) a prior suit resulting in a final judgment on the merits; (2) identical issues involved; (3) the issue was actually litigated in the prior suit and necessary to the judgment; and (4) the issue was actually determined." *Meehan v. Cable*, 127 N.C. App. 336, 340, 489 S.E.2d 440, 443 (1997). The purpose of the doctrine is "to prevent repetitious lawsuits over matters which have once been decided and which have remained substantially static, factually and legally." *McCallum v. North Carolina Co-op. Extension Service of N.C. State University*, 142 N.C. App. 48, 51, 542 S.E.2d 227, 231 (citation and quotation marks omitted), *app. dismissed and disc. rev. denied*, 353 N.C. 452, 548, S.E.2d 527 (2001). Collateral estoppel applies even if the party asserting the doctrine as a defense was not a party to the action in which the prior judgment was entered. *Morris v. Morris*, 186 N.C. App. 431, 436, 651 S.E.2d 594, 597 (2007).

Federal courts are required to "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the state from which the judgments emerged." *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 466, 102 S. Ct. 1883, 1889 (1982). In determining whether a state court judgment precludes an action in the United States District Court, the federal court applies the collateral estoppel law of the state where the judgment was entered. *Duncan v. Duncan*, 448 F.3d 725, 728 (4th Cir. 2006).

The issues in the Complaint have already been adjudicated by the Arizona Superior Court in the Arizona Litigation. On October 2, 2019, the Arizona Superior Court found all procedural or jurisdictional requirements in order to grant summary judgment against Plaintiff and entered the Judgment. (Compl. Ex. 3). As set forth in BANA's Motion to Dismiss Plaintiff's Complaint, [D.E. #15][1], Plaintiff had a full and fair opportunity to present evidence in the Arizona Litigation, including any alleged procedural or jurisdictional defects. These issues were a necessary and critical part of the Arizona Superior Court's entry of the Judgment.

The Complaint is a collateral attack on the Superior Court of the State of Arizona collections proceeding and the Judgment which is not permitted by law. Based upon the Judgment, the Complaint should be dismissed.

## CONCLUSION

At its essence, the Complaint is an improper, collateral attack of the Judgment entered by the Superior Court of the State of Arizona in the Arizona Litigation. Defendants' actions were not violative of the FDCPA, but were a valid attempt to enforce this foreign Judgment in the State of North Carolina in accordance with Article 17 of Chapter 1C of the North Carolina General Statutes. It is undisputed that the Judgment represents a valid, enforceable debt owed by

---

[1] To the extent not inconsistent with this Memorandum, Defendants incorporate by reference as if fully set forth herein any and all arguments, exhibits and other information set forth in BANA's Motion to Dismiss.

Plaintiff to BANA, which was properly verified by Defendants, and that Defendants ceased any and all collections activities.  In addition, Defendant Cooper was not served with the Summons or Complaint.  Moreover, Defendants are not a "collection agency" under N.C.G.S. § 58-70-1, *et seq.*, nor did they oppress, harass or abuse Plaintiff.   Accordingly, as to Defendants B&S and Cooper, the Complaint should be dismissed pursuant to Rule 8(a)(2) and Rule 12(b)(1), (2), (4), (5) &/or (6).

**WHEREFORE**, for the foregoing reasons and the reasons sets forth in Defendants Brock & Scott, PLLC, and Birshari Cooper's Motion to Dismiss filed contemporaneously herewith and BANA's Motion to Dismiss, which are incorporated herein by reference, Defendants respectfully pray that the Court dismiss the Complaint with prejudice as to Defendants Brock & Scott, PLLC, and Birshari Cooper.

Respectfully submitted this 15th day of May, 2020.

/s/ Alan M. Presel
Alan M. Presel, NC Bar #24470
BROCK & SCOTT, PLLC
8757 Red Oak Blvd., Suite 150
Charlotte, NC  28217
Telephone:  704-643-0290 ext. 1009
Facsimile: 704-553-7225
Email:  Alan.Presel@brockandscott.com
*Attorneys for Defendants Brock & Scott, PLLC, and Birshari Cooper*

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LEGRETTA F. CHEEK,<br><br>      Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.; JOHN DOE; GURSTEL LAW FIRM, P.C.; WHITNEY M. JACOBSON; JESSE VASSALLO LOPEZ; BROCK & SCOTT, PLLC; BIRSHARI COOPER,<br><br>      Defendants. | CASE NO.: 3:20-CV-00182-RJC |

## CERTIFICATE OF SERVICE

This is to certify that on this date the undersigned has electronically filed the foregoing **Memorandum of Law in Support of Motion to Dismiss** with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to the following counsel for Plaintiffs:

| | |
|---|---|
| Tonya L. Urps<br>McGuireWoods LLP<br>201 North Tryon Street, Suite 3000<br>Charlotte, NC 28202-2146<br>*Attorneys for Defendant Bank of America, N.A.* | Caren D. Enloe<br>Smith Debnam Narron Drake Saintsing & Myers LLP<br>P.O. Box 176010<br>Raleigh, NC 27619-6010<br>*Attorneys for Defendants Gurstel Law Firm, P.C., Whitney M. Jacobson, Jesse Vassallo Lopez* |

This is to further certify that on this date the undersigned has served, or caused to be served, the foregoing **Memorandum of Law in Support of Motion to Dismiss** upon *pro se* Plaintiff by placing a copy of the same in a postage paid envelope addressed to the person hereafter named, return address clearly indicated, to the place and address stated below, which is the last known address, and by depositing said envelope in the U.S. Mail:

      LeGretta F. Cheek
      113 Indian Trail Rd N, Suite 100
      Indian Trail, NC 28079
      *Pro Se Plaintiff*

This 15th day of May, 2020.

/s/ Alan M. Presel
Alan M. Presel, NC Bar #24470
BROCK & SCOTT, PLLC
8757 Red Oak Blvd., Suite 150
Charlotte, NC 28217
Telephone: 704-643-0290 ext. 1009
Facsimile: 704-553-7225
Email: Alan.Presel@brockandscott.com
*Attorneys for Defendants Brock & Scott, PLLC, and Birshari Cooper*