Hand-Delivered

FILED
CHARLOTTE, NC

MAY 28 2020

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO.: 3:20-cv-00182-RJC-DSC

LEGRETTA F. CHEEK,

Plaintiff,

vs.

BANK OF AMERICA, N.A.; JOHN DOE; GURSTEL LAW FIRM, P.C.; WHITNEY M. JACOBSON; JESSE VASSALLO LOPEZ; BROCK & SCOTT, PLLC; BIRSHARI COOPER,

Defendants.

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS BROCK & SCOTT, PLLC AND BIRSHARI COOPER'S MOTION TO DISMISS COMPLAINT**

Plaintiff, LeGretta F. Cheek ("Cheek") asks this Court to deny Defendant Brock & Scott, PLLC ("B&S"), and Birshari Cooper ("Cooper") Motion to Dismiss under Rule 8 and Rule 12 of the Federal Rules of Civil Procedure (the "Rules") and states as follows:

## INTRODUCTION

B&S and/or Cooper brings its motion before this Court for Motion to Dismiss arguing Ms. Cheek's Original Complaint should be dismissed because it is barred by the doctrines of *Rooker-Feldman* and *collateral estoppels*, and for Cooper having insufficient process, insufficient service of process, lack of personal jurisdiction under Rules 12(b)(2), (4) & (5), lack of subject matter jurisdiction, and failure to state a claim upon which relief can be granted under Rule 12(b)(1) & (6). B&S also argues Ms. Cheek fails to state a claim under the North Carolina

Fair Debt Collection Practices Act ("NCDCPA") in which Ms. Cheek misquoted and has corrected to North Carolina Debt Collection Act ("NCDCA") in her opposition.

Unfortunately, B&S does not come before this Court in candor as it should in bringing its motion. B&S drones about the doctrines of *Rooker-Feldman* and *collateral estoppels* when the facts surrounding the case are far different than portrayed by B&S.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On March 23, 2020, Ms. Cheek initiated this action by filing a Complaint against Defendants Bank of America, N.A. ("BANA"), John Doe, Gurstel Law Firm, P.C. ("Gurstel"), Whitney M. Jacobson, Jesse Vassallo Lopez, B&S and Cooper for violation of the FDCPA and NCDCPA, which is corrected to NCDCA. On March 23, 2020, Summonses were issued against Defendants. The Complaint and Summons addressed to Cooper were received by B&S via certified return receipt mail on March 25, 2020, (Doc. 5).The Complaint and Summons addressed to B&S were received by B&S via certified return receipt mail on March 25, 2020, (Doc. 6).

BANA, Gurstel, Whitney M. Jacobson, Jesse Vassallo Lopez, B&S responded with a Motion to Dismiss [Docs. 15, 26, 27], while Cooper have yet to respond.

## ARGUMENT AND AUTHORITIES

**I. As to Cooper, Ms. Cheek's Process is Defective and Attempted Service of Process Failed to Comply with the Rules should be Denied.**

B&S argues Cooper's process of service is defective, and the Court lacks personal jurisdiction. Ms. Cheek argues their statement is somewhat warranted. The summons and complaint were delivered in good faith by USPS registered certified receipt to Cooper at B&S

office. Cooper's summons and complaint were received and signed on March 25, 2020, by B&S, and **not delivered by regular mail** as erroneously stated by B&S. (Doc. 26 p. 2). Ms. Cheek was unaware that Cooper was terminated by her employer B&S on March 20, 2020. Ms. Cheek became aware of Cooper's imperfect service of process on May 15, 2020, in B&S's argument against Ms. Cheek for Motion to Dismiss.

"It is well established that a court may obtain personal jurisdiction over a defendant only by the issuance of summons and service of process by one of the statutorily specified methods." *Glover v. Farmer*, 127 N.C. App. 488, 490 S.E.2d 576 (1997).

Challenge to Court's Determination of Jurisdiction and Authority. "When a defendant challenges the authority of a court on the ground that it has not acquired personal jurisdiction, the court's determination of its own jurisdiction may be questioned only by appeal and not collaterally." *Gower v. Aetna Ins.* 281 N.C. 577, 189 S.E.2d 165 (1972).

N.C. Gen.Stat. § 1A-1, Rule 4(j)(1)(a) provides that a natural person may be served as follows:

a. By delivering a copy of the summons and of the complaint to her or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.
c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.

Rule 4(m) Time Limit for Service: If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made with a specified

time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Ms. Cheek filed an extension of time to the Court to perfect service of process on Cooper. The Court has graciously granted Ms. Cheek's request for Motion for Extension of Time for Service of Process. The deadline for Ms. Cheek to perfect service of process on Cooper is extended to August 17, 2020.

Therefore, B&S's and/or Cooper's Motion to Dismiss for defective service of process, defective service of summons and the Court's lack of personal jurisdiction over Cooper under Rules 12(b)(2), (4) and/or (5) should be denied.

## II. Complaint Fails to State a Claim for Relief Upon Which Relief Can Be Granted should be Denied.

### A. Standard of Review

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that a pleader is entitled to relief," in order to "give the Defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "[A] complaint attacked by a 12(b)(6) motion to dismiss does not need factual allegations." *Id.* At 555. "[We] do not require heightened fact pleadings of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* At 570.

When considering B&S Motions to Dismiss under Rule 12(b)(6), the court must construe the factual allegations in the complaint in light most favorable to the Plaintiff. *In re Stac. Elecs.*

Page 4 of 17

Case 3:20-cv-00182-RJC-DSC   Document 32   Filed 05/28/20   Page 4 of 20

*Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996); *Jones v. General Elec. Co.*, 87 F.3d 209, 211 (7th Cir. 1996). Only if no possible construction of the alleged facts will entitle Plaintiff to relief should the court grant Defendant's motion. *Hishon v. King & Spalding*, 467 U.S. 69,73 104 S. Ct.2229,2232 (1984). The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Beanal v. Freeport McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999). The court "should view the complaint in the light most favorable to the plaintiff." *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). If the factual allegations in Ms. Cheek's complaint support any legal theory that entitles Ms. Cheek to some relief, the court should overrule B&S's and/or Cooper's motion.

### B. Complaint Barred by Doctrine of Rooker-Feldman Must Be Denied.

"[T]he Rooker-Feldman doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)).

Ms. Cheek brought the present claim under FDCPA. Ms. Cheek's complaint primarily alleges that the Defendants violated the FDCPA by failing to validate an allege debt under § 1692g(b), by using false and deceptive means in the character of their action an attempt to collect an alleged debt under § 1692e(2)(A), and by using unfair or unconscionable means to collect the

Page 5 of 17

Case 3:20-cv-00182-RJC-DSC    Document 32    Filed 05/28/20    Page 5 of 20

alleged debt under § 1692(f)(1). B&S's argument in this law suit under the *Rooker-Feldman* doctrine was not brought up ANY time or in ANY manner in the Court in Arizona.

Secondly, Ms. Cheek's complaint is not related to the alleged debt. It is related to the **behavior** and **actions** of the Defendants attempting to collect an allege debt. In no manner was it related to any FDCPA issues. It is very clear and settled that the FDCPA violations arise from the **action** of a person attempting to collect an alleged debt. Not about the alleged debt. No adjudication of any FDCPA's claim was ever made in the Arizona Court nor was it ever brought up in that court. Any decision to be rendered therefore is completely a bogus argument by B&S.

Lastly, Ms. Cheek asks the Court to put on his glasses. B&S falsely states "BANA retained B&S to enforce the Judgment in accordance with Chapter 1C, Article 17 of the North Carolina General Statutes (Uniform Enforcement of Foreign Judgments Act)." (Doc. 26, p. 8). The relevant factual allegations set forth in Ms. Cheek's Original Complaint shows B&S is using deceptive means.

Accordingly, there is no mention of BANA retaining B&S to collect any Judgment obtained by Gurstel from Arizona. B&S has made yet another frivolous and unfounded argument because they failed to support their argument with any citations or authority that BANA retained B&S to enforce the Judgment in accordance with Chapter 1C, Article 17 of the North Carolina General Statutes (Uniform Enforcement of Foreign Judgments Act) as shown in the following letter dated February 4, 2020:

> Dear Ms. LeGretta Cheek
>
> The details and account history you requested to validate your Bank of America, N.A. Visa are provided below

- The Account was opened on November, 2017
- The current balance as of February 4, 2020 is $34,586.00

If you have questions or need assistance with payment options, please call us at (888) 461-7908, Monday-Thursday 8:30AM to 7:00PM ET or Friday 8:30AM-5:30PM ET.

Cordially Brock & Scott, PLLC

**This communication is from a debt collector. This letter is an attempt to collect a debt, and any information obtained will be used for that purpose.**

B&S argues "Defendants have ceased collection of the debt and Plaintiff has not alleged that Defendant s have conducted any further collection activities." (Doc. 26 p. ¶12). This is nonsensical. Ms. Cheek shows the Court that B&S and/or Cooper states: **"This letter is an attempt to collect a debt…"** and nothing about ceasing collection.

On or about February 12, 2020, Ms. Cheek responded to B&S /or Cooper letter requesting validation, and they never respond as shown in Exhibit 8. Therefore the claims made by B&S and/or Cooper in this case are spurious and unfounded, and **they should know better**.

### C. The Rooker-Feldman Doctrine Does Not Apply to B&S and/or Cooper's Count II, Count IV and Count V and Must Be Denied.

i. *Count II 15 U.S.C. § 1692(f)(1)*

B&S argues Count II cannot be enforced against Defendants BANA, B&S and/or Cooper, because it was improperly obtained in the Arizona Litigation under 15 U.S.C. § 1692(f)(1). Ms. Cheek's disputes B&S's half and misquoted statement. Ms. Cheek stated: "BANA cannot go after the amount they improperly got in a judgment in the State of Arizona." Again it's about the Defendants action, and not about the allege debt or judgment.

ii. *Count IV 15 U.S.C. § 1692e(2)(A)*

In Count IV, B&S argues that Ms Cheek is seeking to collaterally attack the Arizona Litigation Judgment against Defendants BANA, B&S, and/or Cooper which is expressly prohibited by the *Rooker-Feldman* doctrine, and the Court lacks jurisdiction, and Ms. Cheek failed to state a claim. Ms. Cheek disputes B&S argument given the fact it is about their character in falsely representing their collection of an allege debt.

Given that the *Rooker-Feldman* doctrine is completely irrelevant to **Count II, Count IV and Count V** there is no bar to consider B&S's and/or Cooper's claims here. Therefore, the Court has proper subject matter jurisdiction and personal jurisdiction, and their claim must be denied.

   *iii.* <u>Count V U.S.C. 15 § 1692g(b)</u>

In Count V, B&S argues Ms. Cheek fails to state a claim against Defendants BANA, B&S and/or Cooper. B&S cited *Gough v. Bernhardt & Strawser*, PA, 2006 WL 1875327, at * 5 (M.D.N.C. June 30, 2006) (quoting *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999)). Ms. Cheek disputes B&S's attempt to cite a portion of *Gough* who quoted *Chaudhry* case law to justify their defense.

Additionally, the *Chaudhry* decision is not about validation with a debt collector. The *Chaudhry* case was about the dispute over additional charges for attorney fees. Consequently, the *Gough* judge decision stated in part: [1]"It is FURTHER ORDERED that Defendants' request for attorney's fees is DENIED" proving B&S's and/or Cooper's arguments are frivolous and unwarranted.

---

[1] *Gough v. Bernhardt & Strawse:* https://www.courtlistener.com/docket/4304160/gough-v-bernhardt-and-strawser-pa/

Courts have long interpreted U.S.C. 15 § 1692g as requiring that the validation notice be "conveyed effectively to the debtor." *Miller v. Payco-Gen. Am. Credits, Inc.*, 943 F.2d 482, 484 (4th Cir.1991) (quoting *Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir.1988) (per curiam)). Mere inclusion of the validation notice in the debt collector's initial communication with the consumer is insufficient to satisfy § 1692g. *Id.* Rather, the validation notice "must be placed in such a way to be easily readable, and must be prominent enough to be noticed by an unsophisticated consumer." *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 139 (4th Cir.1996). Ms. Cheek has not received any factual evidence to enforce Judgment of the alleged debt from B&S, yet they continued to pursue the claim and made demand for payment without validation. (Ex. 5).

B&S also argued "Defendants have ceased collection of the debt" (Doc. 26 p. 12). Ms. Cheek argues this is a conclusionary statement unsupported by any factual evidence. B&S and Cooper violated U.S.C. 15 §1692(g)(b) and Ms. Cheek's defense is as follow: On January 24, 2020, Ms. Cheek received a collection letter for an alleged debt from Cooper, an attorney at B&S at the time. (Compl. ¶ 46; Ex. 3). On February 3, 2020, B&S received a request from Ms. Cheek demanding "validation" not verification of the alleged debt set forth in Cooper's January 20, 2020, letter as shown in Exhibit 7. (Compl. ¶ 47). In response to Ms. Cheek's request, B&S sent another collection letter dated February 4, 2020. (Compl. ¶ 48, Ex 5). On February 14, 2020, B&S received a 2nd request from Ms. Cheek to validate with Account Level Documentation for the allege debt set forth in the February 4, 2020 letter as shown in Exhibit 8 (Compl. ¶ 49). B&S and/or Cooper did not respond to Ms. Cheek 2nd request to properly validate the allege debt. Therefore, Count V states a claim as defined by *Iqbal* against B&S and/or Cooper and their Motion to Dismissed under Rule 12(b)(6) must be denied.

iv. <u>Count VI 15 U.S.C. § 1692k(a)(2)(A)</u>

B&S argues Count VI does not state a claim against which Defendants it seeks. Ms. Cheek concurs and in error did not state which Defendants she seeks relief.

Ms. Cheek has suffered out-of-pocket actual damages including and not limited to fees for certified mailing, traveling to and from District Court, drive to and from post office, paper, ink and time.

By violating the 15 U.S.C. § 1692k(a)(2)(A) Defendants BANA, Gurstel, Whitney M. Jacobson, Jesse Vassallo Lopez, B&S and Cooper are liable to Ms. Cheek for statutory damages of up to the maximum of $1,000.00 per Defendant, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees. Therefore, Count VI states a claim against B&S and/or Cooper and their claim must be denied.

v. <u>Count VII N.C.G.S. § 58-70, et seq. (Corrected)</u>

Ms. Cheek stated the wrong statue in the Complaint. Ms. Cheek in error misstated "North Carolina Fair Debt Collection Practices Act, N.C. (NCDCPA) Gen.Stat. §§ 58-70" in her complaint. Instead, Ms. Cheek meant to state "North Carolina Debt Collection Act (NCDCA), N.C. Gen.Stat. §§ 75-50-75-54-75-56."

Ms. Cheek's NCDCA claim, "[t]he NCDCA prohibits debt collectors from engaging in unfair debt collection practices, including the use of threats, coercion, harassment, unreasonable publications of the consumer's debt, deceptive representations to the consumer, or other unconscionable means." *Ross v. FDIC*, 625 F.3d 808, 817 (4th Cir. 2010); see N.C. Gen. Stat. §§ 75-50-75-56. An NCDCA claim has three threshold requirements. See *Davis Lake Cmty. Ass'n v. Feldmann*, 138 N.C. App. 292, 295, 530 S.E.2d 865, 868 (2000); *Reid v. Ayers,* 138 N.C. App.

261, 263, 531 S.E.2d 231, 233 (2000). First, the "obligation owed must be a 'debt;' second, the one owing the obligation must be a 'consumer;' and third, the one trying to collect the obligation must be a 'debt collector.'" *Reid,* 138 N.C. App. at 263, 531 S.E.2d at 233; see *Glenn v. FNF Servicing, Inc.*, No. 5:12-CV-703-D, 2013 WL 4095524, at *3 (E.D.N.C. Aug. 13, 2013) (unpublished).

Under N.C. Gen.Stat. § 75-54, unfair practices include conduct which is fraudulent, deceptive or misleading in debt collection. To prevail on a claim for violation of this section, one need not show deliberate acts of deceit or bad faith, but must nevertheless demonstrate that the act complained of "possessed the tendency or capacity to mislead, or created the likelihood of deception." *Overstreet v. Brookland, Inc.*, 52 N.C.App. 444, 279 S.E.2d 1 (1981).

**§ 75-54** states in parts: **Deceptive representation**. No debt collector shall collect or attempt to collect a debt or obtain information concerning a consumer by any fraudulent, deceptive or misleading representation. Such violation includes, but not limited to the following:

(4) Falsely representing the character, extent, or amount of a debt against a consumer or of its status in any legal proceeding.

## COUNT VII
### Violations of the North Carolina Debt Collection Act
### N.C. Gen.Stat. § 75-50 § 75-54 § 75-56, *et seq.*

1. Ms. Cheek is a consumer as defined by N.C.G.S. § 75-50(1);
2. B&S and/or Cooper is a debt collector as defined by N.C.G.S. § 75-50(3);

3. B&S and/or Cooper violated N.C.G.S. § 75-54(4) by "deceptive or misleading representation" in falsely representing the character of the letter in Exhibit 3 of the allege debt without validation requested by Ms. Cheek;

4. Under N.C.G.S. § 75-56(b), B&S and/or Cooper's violation of the NCDCA renders them liable to Ms. Cheek includes, but not limited to statutory damages, costs, and attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Ms. Cheek prays that this court:

a) Declare that B&S and/or Cooper actions violate the NCDCA;

b) Enter judgment in favor of Ms. Cheek for each and every violation by B&S and/or Cooper. Ms. Cheek is entitled to statutory damages for each violation in an amount not less than five hundred dollars ($500.00) nor greater than four thousand dollars ($4,000.00), and their reasonable attorneys' fees and costs expended in prosecuting this action under N.C. Gen.Stat. § 58-70-130(b);

c) Grant such further relief as deemed just.

**III.     Claims Are Barred by the Doctrine of Collateral Estoppel Must be Denied.**

Again Ms. Cheek disagrees with B&S bogus claims. B&S argues that Ms. Cheek's claims are barred by the doctrine of *collateral estoppel* and must be denied.

In doing so B&S erroneously cites *Meehan v. Cable,* 127 N.C. App. 336, 340, 489 S.E.2d

### III. Claims Are Barred by the Doctrine of Collateral Estoppel Must be Denied.

Again Ms. Cheek disagrees with B&S bogus claims. B&S argues that Ms. Cheek's claims are barred by the doctrine of *collateral estoppel* and must be denied.

In doing so B&S erroneously cites *Meehan v. Cable,* 127 N.C. App. 336, 340, 489 S.E.2d 440, 443 (1997) because [2]*Meehan* ruling is in Ms. Cheek's favor. B&S also cites from *Meehan* "This doctrine requires (1) a prior suit resulting in a final judgment on the merits; (2) identical issues involved; (3) the issue was actually litigated in the prior suit and necessary to the judgment; and (4) the issue was actually determined." Ms. Cheek's disputes this argument since none of these elements of the doctrine of *collateral estoppel* is relevant as explained below.

First – A Prior Suit Resulting in A Final Judgment: Ms. Cheek's complaint is not related to the alleged debt, it is related to the **behavior** and **actions** of B&S and the Defendants in their attempts to collect the same alleged debt. In no manner was the Arizona final judgment related to any FDCPA issues. It is very clear and settled that the FDCPA violations arise from the **action** of a person attempting to collect an alleged debt. Not about the alleged debt. No adjudication of any FDCPA claims was ever made in the Arizona Court nor was it ever brought up in that court. B&S argument fails since the Arizona final judgment on the merits was not accompanied by findings of the FDCPA, so it did not bind the parties on any issues.

Secondly – Identical Issues Involved is falsely argued by B&S. B&S and/or Cooper states that "The issues in the Complaint have already been adjudicated by the Arizona Superior Court in the Arizona Litigation." (Doc. 26, p. 14). Ms. Cheek disagrees and questions B&S's false claim and argument. B&S fails to state the merits for adjudication was a default on summary

---

[2] *Meehan v. Cable* judgment states: However, we reverse the superior court's decision and remand this case for a hearing on plaintiff's requests for an injunction and accounting, and for consideration of plaintiff's equitable claims of waiver, estoppel, substitution and novation.

Thirdly – The Issue Was Actually Litigated In The Prior Suit and Necessary to The Judgment is another frivolous argument. Ms. Cheek was a defendant in the Arizona law suit for an alleged debt. Ms. Cheek is a Plaintiff in a lawsuit for FCDPA violations against Defendants. Again the two suits were not based on the same cause of action, and the Arizona judgment does not bar the Ms. Cheek's FDCPA suit.

Fourthly – The Issue Was Actually Determined is another smoking mirror tactic. Ms. Cheek's claim as a Plaintiff in this case is solely related to the Defendants **actions and behavior** in attempting to collect an alleged debt twice. It is a different area of law. No claims of the FDCPA were ever raised by Ms. Cheek who was a defendant in Arizona case.

Clearly, as the Court can see that none of these elements of *collateral estoppel* are present in Ms. Cheek's lawsuit. It is also clear that B&S seeks to advance in unsupported arguments of claims and allegations specific to the Arizona Litigation that has no merits.

B&S states "The Complaint is a collateral attack on the Superior Court of the State of Arizona collections proceeding and the Judgment which is not permitted by law. (Doc. 26, p. 15). Ms. Cheek argues that she has every right to file a complaint as a result of B&S's violation of her rights. But B&S's accusations are like the fire calling the kettle black when it is attacking Ms. Cheek in an attempt to collect the same alleged debt from Arizona in North Carolina.

The conduct presently complained of was all subsequent to the Arizona judgment for a debt collection of an alleged debt. Additionally, there are new violations alleged here – FDCPA and NCDCA – not present in the former action. While the Arizona "judgment precludes recovery on claims arising prior to its entry, it cannot be given the effect of extinguishing claims which did not even then exist, and which could not possibly have been sued upon in the previous case". *Lawlor v. National Screen Service. Corp.*, 349 US 322, 326 (1955).

If Ms. Cheek never mentioned FDCPA violations in defending herself in the Arizona case, and the issues were not the same, and there was no litigation with the same cause of action, and there was no FDCPA violations determined in a judgment, and the Arizona judge did not rule on any violations under the FDCPA as shown in Exhibit C, then the *collateral estoppel* doctrine does not apply and should be denied.

## CONCLUSION

B&S and/or Cooper are fully aware what the requirements of the FDCPA and NCDCA are. At its essence Ms. Cheek's Complaint is proper because *Rooker-Feldman* and *collateral estoppel* is irrelevant to this case. Cooper's service of process is being perfected, and N.C.G.S. § 58-70-1, *et seq.* misquoted statue is corrected.

Additionally, B&S and/or Cooper never responded to Ms. Cheek's 2nd request to validate the alleged debt, nor did they verify, state, or show any factual evidence in their unsupported collection letters with an attempt to enforce a foreign Judgment in the State of North Carolina in accordance with Article 17 of Chapter 1C of the North Carolina General Statutes, leads to a reasonable assumption there would be more information that was not disclosed as required under 15 U.S.C §1692(g).

Therefore, B&S's and/or Cooper's Motion to Dismiss under Rule 8(a)(2) and Rule 12(b)(1), (2), (4), (5) &/or (6) should be denied, and this case should move forward to Discovery in order to answer questions factually.

**WHEREFORE,** because B&S and/or Cooper has failed to make any factual arguments for dismissal before the Honorable Court, Ms. Cheek respectfully requests the Court DENY B&S and/or Cooper's Motion to Dismiss, and allow Ms. Cheek's claim to move forward to trial on the merits. Should the Court find that Ms. Cheek has failed to state a claim, that this court

grant her leave to file an Amended Complaint to correct any deficiencies identified by the Court in its order.

## DEMAND FOR TRIAL BY JURY

Ms. Cheek hereby demands a trial by jury of all facts so triable as matter of law.

Dated: May 28, 2020         Respectfully Submitted,

_LeGretta F. Cheek_
LeGretta F. Cheek
113 Indian Trail Rd N, Suite 100
Indian Trial, North Carolina 28079
704.578.4889
lcheek9167@aol.com
*Pro Se Plaintiff*

## WORD COUNT CERTIFICATION

The undersigned certifies that the Plaintiff's Opposition for Motion to Dismiss does not exceed 4,500 words allowed text.

Dated: May 28, 2020    Respectfully Submitted,

*LeGretta F. Cheek* (signature)

LeGretta F. Cheek
113 Indian Trail Rd N, Suite 100
Indian Trial, North Carolina 28079
704.578.4889
lcheek9167@aol.com
*Pro Se Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify this **PLAINTIFF'S OPPOSITION TO DEFENDANT BROCK & SCOTT, PLLC and/or BIRSHARI COOPER MOTION TO DISMISS** was **hand-delivered** on Thursday, May 28, 2020, to the United States District Court, Western District Court of North Carolina, 401 West Trade Street, Room 216, Charlotte, NC 28202. The Attorneys of records has access to the Clerk of Court electronic CM/ECF system, which will transmit an email notification of such filing to the following attorneys of record:

Tonya L. Urps
McGuireWoods LLP
201 N. Tryon Street, Suite 3000
Charlotte, NC 28202
turps@mcguirewoods.com
*Counsel for Bank of America, N.A.*

Alan M. Presel
Brock & Scott, PLLC
8757 Red Oak Blvd., Suite 150
Charlotte, NC 28217
alan.presel@brockandscott.com
*Counsel for Brock & Scott, PLLC and/or Birshari Cooper*

Caren D. Enloe
SMITH DEBNAM NARRON DRAKE SAINTSING & MYERS LLP
P.O. Box 176010
Raleigh, NC 17601
cenloe@smithdebnamlaw.com
*Counsel for Defendants Gurstel Law Firm, P.C. Whitney M. Jacobson, Jesse Vassallo Lopez*

This is the 28th day of May, 2020.

Respectfully submitted,

*LeGretta F. Cheek*

LeGretta F. Cheek
113 Indian Trail Rd. N Suite 100
Indian Trail, NC 28079
704-578-4889
lcheek9167@aol.com
*Pro Se Plaintiff*

Certificate of Service        Page 1 of 1

Case 3:20-cv-00182-RJC-DSC   Document 32   Filed 05/28/20   Page 18 of 20

January 31, 2020

LeGretta F. Cheek
113 Indian Trial Rd N. Suite 100
Indian Trail, NC 28079

Brock and Scott, PLLC
1315 Westbrook Plaza Drive
Winston-Salem, NC 27103

To Whom It May Concern:

    I, LeGretta F. Cheek am a natural person. This letter is being sent to you in response to a letter dated on January 20, 2020, and delivered on January 24, 2020 by USPS mail. Be advised that this is not a refusal to pay, but a notice sent pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692g Sec. 809(b) that your claim is disputed and VALIDATION, not verification is requested.

    I respectfully request that your offices provide me with competent evidence that I have any legal obligation to pay you. Please provide me with the following:

1. I request complete validation of the amount of the alleged debt for $34,586.00;
2. I request all Original Account-Level Documentation with statements from (0) zero balance to present from BANK OF AMERICA, N.A. ending in 2536;
3. I request validation of the debt, meaning the contractual obligation;
4. I request the name and address of the original creditor;
5. I request the name and address of the current creditor.

    At this time I will also inform you that if your offices have reported invalidated information to any of the 3 major Credit Bureau's (Equifax, Experian or TransUnion) this action might constitute fraud under both Federal and State Laws. Due to this fact, if any negative mark is found on any of my credit reports by your company or the company that you represent I will not hesitate in bringing legal action against you for the following:

1. Violation of the Fair Credit Reporting Act
2. Violation of the Fair Debt Collection Practices Act
3. Defamation of Character

    If your offices are able to provide the proper documentation as requested in the following Declaration, I will require at least 30 days to investigate this information and during such time all collection activity must cease and desist.

    Also, during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult with my legal counsel for suit. This includes any listing any information to a credit reporting repository that could be inaccurate or invalidated or verifying an account as accurate when in fact there is no provided proof that it is.

    I would also like to request, in writing, that no telephone contact be made by your offices to my home. If your offices attempt telephone communication with me, including but not limited to computer generated calls and calls or correspondence sent to or with any third parties, it will be considered harassment and I will have no choice but to file suit. All future communications with me MUST be done in writing and sent to the address noted in this letter by USPS.

    It would be advisable that you assure that your records are in order before I am forced to take legal action. This is an attempt to correct your records and any information obtained shall be used for that purpose.

EXHIBIT 7

Cordially,

*LeGretta F. Cheek*

LeGretta F. Cheek
Certified Mail: 7018 1830 0001 6584 1539

February 12, 2020

LeGretta F. Cheek
113 Indian Trail Rd N. Suite 100
Indian Trail, NC 28079

Brock & Scott, PLLC
1315 Westbrook Plaza Drive
Winston-Salem, NC 27103

**2nd Request**

To Whom It May Concern:

    This communication is being sent to you in response to a letter dated February 4, 2020, and delivered on February 11, 2020 by USPS mail. I received your response to my request for validation, however it was incomplete.

    You neglected to provide all Original Level Account Documentation including Original Account Agreements in terms of the allege contract. Simply sending me appearing to be an allege statements is not sufficient.

    I respectfully request the 2nd time that your office provides me with competent evidence that I have any legal obligation to pay you. Please provide me with the following:

1. I request all Original Account Level Documentation with statements from (0) zero balance to present from Bank of America, N.A.
2. I request all Original Account Agreements.
3. I request validation of the debt, meaning the contractual obligation.
4. I request a wet ink signature of the contractual obligation.
5. I request validation of the debt, to wit, the chain of title to the debt.

Cordially,

*LeGretta F. Cheek*

LeGretta F. Cheek
Certified Mail: 7019 1640 0001 7281 7426

EXHIBIT 8