UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

LEGRETTA F. CHEEK,

                Plaintiff,

v.

BANK OF AMERICA, N.A.; JOHN DOE; GURSTEL LAW FIRM, P.C.; WHITNEY M. JACOBSON; JESSE VASSALLO LOPEZ; BROCK & SCOTT, PLLC; BIRSHARI COOPER,

                Defendants.

CASE NO.: 3:20-CV-00182-RJC

## DEFENDANTS BROCK & SCOTT, PLLC AND BIRSHARI COOPER'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

**NOW COME** Defendants Brock and Scott, PLLC ("B&S"), and Birshari Cooper ("Cooper") (collectively "Defendants"), by and through their undersigned counsel, and submit this Reply in support of their Motion to Dismiss Complaint and in response to Plaintiff's Opposition to and Memorandum in Opposition to their Motion to Dismiss (collectively, "**Plaintiff's Opposition**"), filed on May 28, 2020. [D.E. #31 & #32].

### I.    INTRODUCTION

Plaintiff's Opposition fails to address the factual and legal deficiencies of her Complaint. At its core, the Complaint is an improper, collateral attack on the Arizona Litigation and Judgment[1]. Plaintiff's Opposition acknowledges and admits that Cooper was not properly served, and, thus, should be dismissed from this action. Plaintiff's Opposition voluntarily dismisses Count VII of the Complaint. In addition, the Complaint is subject to and should be

---

[1] Any undefined capitalized term used in this Reply shall be as defined in Defendants' Memorandum in Support of Motion to Dismiss.

dismissed pursuant to the *Rooker-Feldman* doctrine, collateral estoppel, and Rules 8 and 12(b) of the Federal Rules of Civil Procedure.

**II.    ARGUMENT**

    A.  *Cooper Responded to the Complaint*

In her Opposition, although Plaintiff accurately states that both Defendants filed the Motion to Dismiss Complaint, Plaintiff incorrectly alleges that "Cooper have [sic] yet to respond." [D.E. #32, p. 2]. The Motion to Dismiss Complaint and Memorandum of Law in Support thereof, D.E. # 25 & #26, were filed by both Defendant B&S and Defendant Cooper. Cooper has in fact responded to the Complaint.

    B.  *Plaintiff Admits that Cooper was Not Served*

In the Motion to Dismiss and Memorandum of Law in Support thereof, D.E. # 25 & #26, Cooper argues that "process of service is defective, and the Court lacks personal jurisdiction." [D.E. #32, p. 2]. "Ms. Cheek argues [Cooper's] statement is somewhat warranted." [D.E. #32, p. 2]. Accordingly, Plaintiff does not contest, and it is undisputed, that with respect to Cooper there was insufficient process and insufficient service of process and, thus this Court lacks personal jurisdiction over Cooper. The Complaint must be dismissed pursuant to Rule 12(b)(2), (4) and/or (5) of the Federal Rules of Civil Procedure.

    C.  *Complaint Barred by Rooker-Feldman Doctrine*

The Complaint is nothing more than a collateral attack on the Judgment entered by the Superior Court of the State of Arizona in the Arizona Litigation. As such, Plaintiff, as the losing party in state court, has filed a lawsuit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself, which is expressly prohibited under the

*Rooker-Feldman* doctrine as Plaintiff correctly notes while citing *Davani v. Virginia Dept. of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006). [D.E. #32, p. 5].

Plaintiff's contentions are predicated upon the existence of an *alleged* debt which Defendants are seeking to collect on behalf of Defendant Bank of America, N.A. ("BANA"). However, the debt is not alleged. The debt – in the form of the Judgment entered by the Superior Court of Arizona in the Arizona Litigation – has been conclusively proven and is indisputably valid and enforceable, having never been appealed, overturned, reversed or set aside. In her Opposition, Plaintiff herself quotes from Paragraph 61 of the Complaint that the basis of her claims is that "BANA cannot go after the amount they improperly got in a judgment in the State of Arizona." [D.E. #32, p. 7].

Plaintiff has not alleged any facts or law in support of her belief that Defendants are seeking to collect a second judgment against Plaintiff. Defendants did not falsely represent their actions in furtherance of enforcement of the Judgment, in accordance with North Carolina law. Exhibits 4 and 5 to the Complaint unequivocally state the amount of the debt is $34,586.00, which is the exact amount of the Judgment. Plaintiff has failed to allege that Defendants did not cease collection of the Judgment, other than to provide validation of the debt, once Plaintiff notified Defendants that she disputed the debt. *See Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 929-30 (9th Cir. 2007) (holding "the [Fair Debt Collection Practices] Act requires a debt collector who receives notice that a consumer disputes an alleged debt to cease collection efforts until it provides the consumer with verification of the debt. The Act does not impose an independent obligation to verify a debt where the collector ceases all collection efforts directed at the consumer"). Further, there can be no question that, if not validated previously (which is

3

expressly denied), then Defendants certainly have now validated and/or verified the debt to Plaintiff through this litigation.

Contrary to Plaintiff's assertion, Defendants accurately quoted *Chaudhry v. Gallerizzo,* 174 F.3d 394 (4th Cir. 1999), which is in fact a case about validation of a debt, in their Memorandum of Law in Support of Motion to Dismiss Complaint when they stated "verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt" *Id.* at 406. Moreover, to the extent Plaintiff is now alleging as much, the Complaint is completely devoid of any allegations that the validation notice, i.e., the February 4, 2020 letter attached as Exhibit 5 to the Complaint, was not "conveyed effectively to the debtor, " was not "placed in such a way to be easily readable," and/or was not "prominent enough to be noticed by an unsophisticated consumer." [D.E. #32, p. 9].

Additionally, Defendants object to Plaintiff's apparent attempt to insert two (2) new Exhibits through her Opposition. Defendants submit that these Exhibits should not be considered by the Court.

Accordingly, Plaintiff's claims are barred, and the Complaint fails to state a claim upon which relief can be granted.

### D. *Plaintiff Dismissed Count VII; Plaintiff May Not Amend the Complaint.*

In her Opposition, Plaintiff admits that she did not intend to include Count VII of the Complaint, alleging a violation under N.C.G.S. § 58-70, *et seq.* Accordingly, if not already dismissed, it must be formally dismissed. [D.E. #32, p. 10].

Instead, Plaintiff apparently seeks to amend the Complaint to replace this cause of action with an alleged violation of the North Carolina Debt Collection Act (NCDCA), N.C.G.S. § 75-50

4

through 75-56.  As the Complaint was served more than twenty-one (21) days ago, pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure, Plaintiff has no right to amend the Complaint without the opposing party's written consent or the Court's leave, neither of which Plaintiff has obtained.  Moreover, Plaintiff previously attempted to amend Count VII through her Memorandum in Opposition to BANA's Motion to Dismiss.  [D.E. 23, pp. 12-14].  The prior attempted amendment only alleges a cause of action against BANA, and thus Plaintiff should be deemed to have waived any similar cause of action against Defendants, by failing to include it in such first attempted amendment.

Even if such amendment is permitted, which is expressly denied, this new cause of action fails to state a claim upon which relief may be granted.  The sole allegation is that Defendants violated N.C.G.S. § 75-54(4) by "falsely representing the character of the letter in Exhibit 3 of the allege debt without validation requested by Ms. Cheek."  [D.E. #32, p. 12].  First, Exhibit 3 is the Judgment entered by the Superior Court of Arizona, along with a Statement of Costs and Notice of Taxation of Costs, of which Defendants never made any representations.  These are public documents which speak for themselves.  Second, in the event Plaintiff intended to reference Exhibit 4 or Exhibit 5, as more fully set forth in the Memorandum of Law in Support of Motion to Dismiss, these letters are valid statements of the debt evidenced by the Judgment, fully comply with all applicable law, and are neither fraudulent, deceptive nor misleading – and Plaintiff has failed to set forth how they could be considered as such.

Thus, Plaintiff's Count VII was dismissed, may not be amended, and/or fails to state a claim upon which relief can be granted.

E. *Complaint Prohibited by Doctrine of Collateral Estoppel*

As more fully set forth in the previously filed Memorandum of Law in Support of Motion to Dismiss and above herein, this action, including without limitation the FDCPA claims which are predicated upon Plaintiff's erroneous contention that the Judgment was improperly entered, is nothing more than a collateral attack on the Arizona Litigation and the Judgment, which is not permitted by law. Accordingly, Plaintiff's claims are barred, and the Complaint fails to state a claim upon which relief can be granted.

### III. CONCLUSION

For the reasons set forth herein and in the previously filed Memorandum of Law in Support of Motion to Dismiss, the Complaint should be dismissed with prejudice.

Respectfully submitted this 2nd day of June, 2020.

/s/ Alan M. Presel
Alan M. Presel, NC Bar #24470
BROCK & SCOTT, PLLC
8757 Red Oak Blvd., Suite 150
Charlotte, NC 28217
Telephone: 704-643-0290 ext. 1009
Facsimile: 704-553-7225
Email: Alan.Presel@brockandscott.com
*Attorneys for Defendants Brock & Scott, PLLC, and Birshari Cooper*

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LEGRETTA F. CHEEK,<br><br>       Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.; JOHN DOE; GURSTEL LAW FIRM, P.C.; WHITNEY M. JACOBSON; JESSE VASSALLO LOPEZ; BROCK & SCOTT, PLLC; BIRSHARI COOPER,<br><br>       Defendants. | CASE NO.: 3:20-CV-00182-RJC |

## CERTIFICATE OF SERVICE

This is to certify that on this date the undersigned has electronically filed the foregoing **Reply in Support of Motion to Dismiss** with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to the following counsel for Plaintiffs:

Tonya L. Urps
McGuireWoods LLP
201 North Tryon Street, Suite 3000
Charlotte, NC 28202-2146
*Attorneys for Defendant Bank of America, N.A.*

Caren D. Enloe
Smith Debnam Narron Drake Saintsing & Myers LLP
P.O. Box 176010
Raleigh, NC 27619-6010
*Attorneys for Defendants Gurstel Law Firm, P.C., Whitney M. Jacobson, Jesse Vassallo Lopez*

This is to further certify that on this date the undersigned has served, or caused to be served, the foregoing **Reply in Support of Motion to Dismiss** upon *pro se* Plaintiff by placing a copy of the same in a postage paid envelope addressed to the person hereafter named, return address clearly indicated, to the place and address stated below, which is the last known address, and by depositing said envelope in the U.S. Mail:

      LeGretta F. Cheek
      113 Indian Trail Rd N, Suite 100
      Indian Trail, NC 28079
      *Pro Se Plaintiff*

This 2nd day of June, 2020.

/s/ Alan M. Presel
Alan M. Presel, NC Bar #24470
BROCK & SCOTT, PLLC
8757 Red Oak Blvd., Suite 150
Charlotte, NC 28217
Telephone: 704-643-0290 ext. 1009
Facsimile: 704-553-7225
Email: Alan.Presel@brockandscott.com
*Attorneys for Defendants Brock & Scott, PLLC, and Birshari Cooper*