UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO.: 3:20-cv-00182-RJC-DSC

FILED
CHARLOTTE, NC
JUN 10 2020
US DISTRICT COURT
WESTERN DISTRICT OF NC

**LEGRETTA F. CHEEK,**

**Plaintiff,**

vs.

**BANK OF AMERICA, N.A.; JOHN DOE; GURSTEL LAW FIRM, P.C.; WHITNEY M. JACOBSON; JESSE VASSALLO LOPEZ; BROCK & SCOTT, PLLC; BIRSHARI COOPER,**

**Defendants.**

## PLAINTIFF'S OPPOSITION TO DEFENDANTS GURSTEL LAW FIRM, P.C., WHITNEY M. JACOBSON AND JESSE VASSALLO LOPEZ MOTION TO DISMISS

**NOW COMES** the Plaintiff LeGretta F. Cheek, and under Rule 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure, move this Court for an Order to Deny Defendants Gurstel Law Firm, P.C., Whitney M. Jacobson and Jesse Vassallo Lopez Motion to Dismiss from Plaintiff's Complaint filed on March 23, 2020.

**WHEREFORE,** for the forgoing reasons and the reasons set forth in Plaintiff's Memorandum filed contemporaneously herewith, which are incorporated herein by reference, Plaintiff respectfully prays that the Court moves forward to trail on the merits.

Respectfully submitted this 10th day of June, 2020.

*[signature]*
LeGretta F. Cheek
113 Indian Trail Rd N, Suite 100
Indian Trial, North Carolina 28079
704.578.4889
lcheek9167@aol.com
*Pro Se Plaintiff*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO.: 3:20-cv-00182-RJC-DSC

LEGRETTA F. CHEEK,

      **Plaintiff,**

vs.

BANK OF AMERICA, N.A.; JOHN DOE;
GURSTEL LAW FIRM, P.C.; WHITNEY M.
JACOBSON; JESSE VASSALLO LOPEZ;
BROCK & SCOTT, PLLC; BIRSHARI
COOPER,

      **Defendants.**

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS
GURSTEL LAW FIRM, P.C., WHITNEY M. JACOBSON AND
JESSE VASSALLO LOPEZ MOTION TO DISMISS**

**COME NOW** Plaintiff LeGretta F. Cheek ("Cheek") asks this Court to deny Defendants Gurstel Law Firm, P.C., Whitney M. Jacobson, and Jesse Vassallo Lopez Motion to Dismiss (collectively "Defendants") under Rule 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure (the "Rules") and states as follows:

## I.    INTRODUCTION

Defendants brings its motion before this Court for Motion to Dismiss arguing Ms. Cheek's Original Complaint should be dismissed under the judicial common law rules against claim splitting, lack of personal jurisdiction, improper venue and failure to state a claim under Rules 12(b)(2) and Rule 12(b)(3).

Unfortunately, Defendants does not come before this Court in candor as it should in bringing its motion. Defendants drone about the lack of personal jurisdiction, improper venue and claim-splitting when the facts surrounding the case are far different than portrayed by Defendants.

## Ms. Cheek Disputes Defendants Issues

### 1. Defendants Argument for Lack of Personal Jurisdiction Must Fail.

Ms. Cheek disputes Defendants claim that the Court lack personal jurisdiction. Ms. Cheek filed this lawsuit against Defendants in the State of North Carolina where she has been a legal resident since approximately 1980. Ms. Cheek has a valid legal North Carolina Driver's License prior to the First Action.

Additionally, Defendants cite and references *Combs* as their defense: "It is Plaintiff's burden to establish personal jurisdiction and any allegations in the Complaint are taken as true only if they are not controverted by evidence from the defendant." *See Combs v. Bakker*, 886 F .2d 673, 676 (4th Cir.1989). Ms. Cheek argues *Combs* final judgment does not support Defendants claims for the Court lacking personal jurisdiction.

Ms. Cheek's factual evidence supports that she has been a long term legal North Carolina residence since approximately 1980. Consequently, the Defendants evidence of declarations attested to in the First Action and First Lawsuit Action has no bearing on this case. Therefore Defendants claim for lack of personal jurisdiction does not apply and should be denied.

### 2. Defendants Argument for Improper Venue Must Fail.

"The focal time in determining whether [Gurstel] is subject to the Court's jurisdiction and whether venue is proper is *when the cause of action arose.*" *Snyder v. Eastern Auto Distributors,*

*Inc.,* 357 F. 2d 552 - Court of Appeals, 4th Circuit 1966. North Carolina relies on the federal regulations to define who is a resident of the state. 10 NCAC 50B.0303(a).

Residency is defined in the federal regulation as "living in the State voluntarily with the intention of making his or her home there and not for a temporary purpose" accordance to 45 C.F.R. § 233.40(a)(1)(i). *Okale v. Dept. of Health and Human Services,* 570 SE 2d 741 - NC: Court of Appeals 2002.

Ms. Cheek states this Venue is proper in the Western District of North Carolina under 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action as alleged in this Complaint occurred while Ms. Cheek was and has been a resident in this jurisdiction. Additionally, as stated under Disputed Issue 1, Ms. Cheek is subject to personal jurisdiction in the State of North Carolina, and this case should move forward to trial.

### 3. Defendants Argument for Plaintiff Failure to State a Claim Must Fail.

Ms. Cheek disputes Defendants claim that (1) "Plaintiff has already filed a lawsuit against Defendants in the First Action that arises out of the same facts." (2) "With one suit already pending in federal court, Plaintiff has no right to assert another action "on the same subject in the same court against the same defendant at the same time." *Id.*" (Doc. 28, p. 3 ¶2).

Ms. Cheek shows the Court that there are three (3) "meaningful differences" that justify a departure from the general rule against splitting claims in the First Action and First Lawsuit Action.

### II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On December 6, 2018, Gurstel Law Firm filed a lawsuit for an alleged debt in the Superior Court of Arizona County of Maricopa, titled Bank of America, N.A., Plaintiff v. Legretta F. Cheek, Defendant.

On February 8, 2019, Defendants served or caused Ms. Cheek to be personally served with the summons and complaint in Chandler, Arizona in Maricopa County where Ms. Cheek was visiting.

On October 1, 2019, a defaulted summary judgment was ordered by the Arizona judge for failure to answer Defendants Motion for Summary Judgment on time. Ms. Cheek's Opposition for Plaintiff's Summary Judgment was filed on October 1, 2019.

On November 4, 2019, Case No. 3:19-cv-00590-FDW-DSC, Ms. Cheek filed a lawsuit against Gurstel Law Firm, Whitney Jacobson, and Jesse Vassallo Lopez in the United States District Court, Western District of North Carolina, Charlotte Division (the "First Action") for improper venue, wrong jurisdiction accordance to 15 U.S.C. § 1692a(3) and 15 U.S.C. § 1692a(6). The motion has been fully briefed and is currently pending.

On January 14, 2020, Ms. Cheek filed a Notice of Appeal in the Arizona State Court in Maricopa County.

On March 16, 2020, an Appeals Letter of Transmittal was filed in by the Arizona State Court in Maricopa County. No Action has taken place in the Arizona Court due to the COVID-19 pandemic. Ms. Cheek is awaiting information in regards to her Appeal.

On March 23, 2020, Ms. Cheek initiated this action by filing a Complaint against Defendants Bank of America, N.A. ("BANA"), John Doe, Gurstel Law Firm, P.C. ("Gurstel"), Whitney M. Jacobson, Jesse Vassallo Lopez, Brock & Scott, P.L.C. and Birshari Cooper for violation of the FDCPA.

This is the first lawsuit ("First Lawsuit Action") filed by Ms. Cheek against Defendants Gurstel, Whitney M. Jacobson, and Jesse Vassallo Lopez in violation of the FDCPA 15 U.S.C §1692f(1), and for a separate and distinct violation by BANA and Gurstel on Ms. Cheek suspecting or attempting to perpetrate a crime or fraud.

## LEGAL STANDARD OF REVIEW

### A. Rule 12(b)(2) Legal Standard of Review

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff ultimately bears the burden of proving to the district court judge the existence of jurisdiction over the defendant by a preponderance of the evidence." *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005) (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)).

Defendants cites and references *Combs* case law for the second time with "When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff ultimately bears the burden of proving to the district court judge the existence of jurisdiction over the defendant." *Combs v. Bakker,* 886 F.2d 673,676 (4th Cir.1989).

Again, for the third time Defendants sites *Combs* case law: "The Court must "construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction."*Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir.1989)." (Doc. No. 28, p. 6 & 7).

Again, Ms. Cheek argues *Combs* final judgment does not support Defendants claims for the Court lacking personal jurisdiction. When in reality *Combs v. Bakker* final ruling was the "district court erred by prematurely dismissing certain of the claims for lack of personal jurisdiction and vacated the judgment of dismissal" *Id.*, which in fact supports Ms. Cheek's Complaint.

A Plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than a mere possibility of misconduct." *Ashcroft v. Iqbal*, 129 W. Ct. 1937,1950 (2009). "[A] well-

pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." *Twombly*, 550 U.S. 556.

If there is any legal theory in the factual allegations in Ms Cheek's complaint that entitles her to some relief, the Court should deny Defendants motion.

### B.  Rule 12(b)(3) Legal Standard of Review

"The distinction between jurisdiction and venue is of hornbook importance and cannot be overemphasized." *Wheatley v. Phillips,* 228 F.Supp. 439, 440 (W.D.N.C.1964). "Any attempt, therefore, to shift the burden of proof to the plaintiff on this basis is without merit or authority." *Bartholomew v. Virginia Chiropractic Ass'n,* 612 F.2d 812 (4th Cir.1979). "In a Rule 12(b)(3) motion, the moving party bears the burden of proving that venue is improper." *Myers v. Am. Dental Ass'n,* 695 F.2d 716, 724-25 (3d Cir. 1982).

### C.  Rule 12(b)(6) Legal Standard of Review

A court should dismiss a complaint under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). The plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). And in ruling on a motion to dismiss, the court must accept the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

Under the Supreme Court's recent decision in *Ashcroft v. Iqbal*[1] a claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A plaintiff is not required to provide

---

[1] 556 U.S. 662 (2009).
[2] *Id.* at 678.

"detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of her 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action will not do." *Twombly*, 550 U.S. at 555. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. A complaint may survive a motion to dismiss under Rule 12(b)(6) even if it is "improbable" that a plaintiff would be able to prove those facts and even if the possibility of recovery is extremely "remote and unlikely." *Id.*

### III. ARGUMENT AND AUTHORITIES

**A. Dismissal is Proper Under Rule 12(b)(2) Because the Defendants Are Not Subject to Personal Jurisdiction in North Carolina Must Be Denied.**

The Defendants are making a frivolous argument because Ms. Cheek filed this Complaint in the State of North Carolina were her residency has been approximately since 1980 in accordance to 28 U.S.C.1391(c)(1). Ms. Cheek has personally subjected herself to the jurisdiction of this Court by filing this lawsuit against Defendants.

"Mere allegations of in personam jurisdiction are all that is needed to make a *prima facie* showing." *Dowless v. Warren-Rupp Houdailles, Inc.*, 800 F.2d 1305, 1307 (4th Cir. 1986). "The plaintiff, however, must present affidavits or other evidence if the defendant counters plaintiff's allegations with evidence that minimum contacts do not exist." *Barclays Leasing, Inc. v. National Business Systems, Inc.*, 750 F. Supp. 184 (W.D.N.C. 1990). All conflicts in fact must be resolved in favor of the plaintiff for purposes of determining whether a prima facie showing of personal jurisdiction has been made. *Id.; see also Combs,* 886 F.2d at 676.

**1. Plaintiff Has Not Met Her Burden to Allege Facts in The Complaint That Support Personal Jurisdiction Over the Defendants Must be Denied.**

Ms. Cheek disagrees and disputes Defendants claims. All conflicts in fact must be resolved in favor of the plaintiff for purposes of determining whether a *prima facie* showing of personal jurisdiction has been made. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

Ms. Cheek is a legal resident in the State of North Carolina prior to the First Action. In support of Ms. Cheek's allegation is a valid North Carolina driver's license as shown in Exhibit 9, and Ms. Cheek's Sworn Affidavit.

The Uniform Driver's License Act in the N.C. General Statutes - Chapter 20 Article 2 states:

> **§ 20-7.** Issuance and renewal of drivers licenses.
>
> > (b1) Application. – To obtain an identification card, learners permit, or drivers license from the Division, a person shall complete an application form provided by the Division, present at least two forms of identification approved by the Commissioner, be a resident of this State, and, except for an identification card, demonstrate his or her physical and mental ability to drive safely a motor vehicle included in the class of license for which the person has applied. At least one of the forms of identification shall indicate the applicant's residence address.
> > The application form shall request all of the following information, and it shall contain the disclosures concerning the request for an applicant's social security number required by section 7 of the federal Privacy Act of 1974, Pub. L. No. 93-579:
> >
> > > (1) The applicant's full name.
> > > (2) The applicant's mailing address and residence address.
> > > (3) A physical description of the applicant, including the applicant's sex, height, eye color, and hair color.
> > > (4) The applicant's date of birth.
> > > (5) The applicant's valid social security number.
> > > (6) The applicant's signature.

> The Division shall not issue an identification card, learners permit, or driver license to an applicant who fails to provide the applicant's valid social security number.

In the Defendants defense, for the fourth time they cite and references *Combs* case law: "A plaintiff bears the burden to state a *prima facie* case for existence of jurisdiction over the defendants. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)."

Defendants argues: "Because Plaintiff has not alleged any facts that show Defendants are domiciled in or directed activity to North Carolina, the Complaint fails as a matter of law and should be dismissed pursuant to Rule I2(b)(2)."

The fact of the matter is Ms. Cheek is and has been a legal resident in the State of North Carolina since approximately 1980 with a valid driver's license[3]. Therefore, the complaint filed is in the proper venue where she resides and defendants claims fails as a matter of law and should be denied.

### 2. Defendants Are Not Domiciled In North Carolina And Defendants Do Not Have Minimum Contacts In North Carolina Must Be Denied.

Again, Ms. Cheek disputes Defendants claim. Defendants argue "Plaintiff does not assert any basis for this Court's personal jurisdiction over Defendants, therefore, both general jurisdiction and specific personal jurisdiction will be addressed" is irrelevant. Ms. Cheek does not need to assert any basis for this Court's personal jurisdiction over Defendants because Ms. Cheek is a legal resident of North Carolina with proven fact. Therefore, personal jurisdiction and specific personal jurisdiction does warrant any weight in this case and should be denied.

### a. Defendants are not domiciled in North Carolina and are not subject to this Court's general jurisdiction must be denied.

---

[3] Exhibit 9 – Driver's Licenses

Page 9 of 14

Case 3:20-cv-00182-RJC-DSC   Document 35   Filed 06/10/20   Page 10 of 17

Ms. Cheeks disputes this claim as repeated and alleged in her defense in items **A, 1** and **2**.

    **b. Defendants do not have sufficient minimum contacts to be subject to this Court's specific jurisdiction should be denied.**

Ms. Cheeks disputes this claim as repeated and alleged in her defense in items **A, 1, 2,** and **a**. Additionally, Gurstel had minimum contact with Ms. Cheek in North Carolina when they called her cell phone at 704.578.4889 which will be proven in Discovery.

**B. Dismissal is Proper Under Rule 12(b)(3) Because the Plaintiff has Brought This Action in an Improper Venue Must be Denied.**

Ms. Cheeks disputes this claim as repeated and alleged in her defense in items **A, 1, 2, 3,** and **b**.

**C. Dismissal is Proper Under Rule 12(b)(6) Because the Plaintiff has Already Brought a Lawsuit Against Defendants Arising out of Identical Facts Must be Denied.**

Again, Ms. Cheek dispute Defendants claim. The cases of the United States Supreme Court interpret claim splitting as: "When the pendency of such a suit is set up to defeat another, the case must be the same. There must be the same parties, or, at least, such as represent the same interest, there must be the same rights asserted and the same relief prayed for. This relief must be founded on the same facts, and the title, or essential basis of the relief sought, must be the same." *The Haytian Republic*, 154 U.S. 118 - Supreme Court 1894.

"While claim splitting and the principles of res judicata prohibit a Plaintiff from prosecuting its case piecemeal, *see Haytian Republic*, 154 U.S. 118, 14 S.Ct. 992, 38 L.Ed. 930 (1894), a party is not barred from bringing in a subsequent action those claims that could not have been included in the original suit — even if they are related, or arise out of, the previously

Page 10 of 14

Case 3:20-cv-00182-RJC-DSC    Document 35    Filed 06/10/20    Page 11 of 17

filed claim." *See Lawlor v. Nat'l Screen Service Corp.,* 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122, (1955).

Ms. Cheek filed this Complaint in a subsequent action of Brock & Scott, PLLC action in violation of the FDCPA which is not included in the First Action. Defendants argue that "Plaintiff has Already Brought a Lawsuit Against Defendants Arising out of Identical Facts" when in fact that assertion is factually false as explained below.

### i. Same parties.

The parties in the First Action are four (4) parties: Gurstel, Shannon N. Crane, Jesse Vassallo Lopez and Jesse H. Walker.

The parties in the First Lawsuit Action are three (3) parties: Gurstel, Whitney M. Jacobson, and Jesse Vassallo Lopez. There are only two identical parties in each lawsuit.

### ii. There must be the same rights asserted.

The First Action right for pendency of the Court is in Arizona versus The First Lawsuit Action rights for pendency is in the State of North Carolina.

### iii. The same relief prayed for.

First Action relief prayed for is as follow:

> "WHEREFORE, Plaintiff prays for relief and judgment, as follows:
>
> a) Adjudging that Defendants violated the FDCPA;
>
> b) Awarding Plaintiff statutory damages, pursuant to U.S.C. 15 1692k, in the amount of $1,000 per Defendant;
>
> c) Awarding Plaintiff any attorney's fees and cost incurred in this action;
>
> d) Awarding Plaintiff post-judgment interest as may allowed under the law;
>
> e) Awarding such other and further relief as the Court may deem just and proper."

First Lawsuit Action relief prayed for is as follow:

> "**FURTHER,** Ms. Cheek's Complaint ties into Gurstel Defendants in Arizona, Brocks Defendants in North Carolina, and BANA into a transnational scheme to which I would like this matter refer to the Department of Justice and Attorney General to employ the Court in a perpetration of a fraud."

The conduct of Brock & Scott, PLLC presently complained of by Ms. Cheek was all subsequent to the Arizona judgment for a debt collection of an alleged debt that Ms. Cheek denied. While the Arizona "judgment precludes recovery on claims arising prior to its entry, it cannot be given the effect of extinguishing claims which did not even then exist, and which could not possibly have been sued upon in the previous case." *Id.* at *Lawlor*.

Ms. Cheek filed this Complaint in a subsequent action of Brock & Scott, PLLC action in violation of the FDCPA, and BANA and Gurstel alleged attempt of perpetration of a crime or fraud which is not included in the First Action. If all of the parties are not the same, and the plea of pendency of the suit was not available to assert Ms. Cheek's rights, and the prayer of relief was not founded upon the same facts, then the doctrine of claim
-splitting failed and should be denied.

## IV. CONCLUSION

At its essence Ms. Cheek's Complaint is proper because claim-splitting, lack of personal jurisdiction and improper venue are irrelevant to this case. Ms. Cheek is a legal resident of North Caroling since approximately 1980, and her law suit must be filed where Ms. Cheek resides.

Therefore, Defendants Motion to Dismiss under Rule 12(b)(2) and Rule 12(b)(3) should be denied, and this case should move forward to Discovery in order to answer questions factually.

**WHEREFORE,** because Defendants has failed to make any factual arguments for dismissal before the Honorable Court, Ms. Cheek respectfully requests the Court DENY Defendant's Motion to Dismiss, and allow Ms. Cheek's claim to move forward to trial on the merits. Should the Court find that Ms. Cheek has failed to state a claim, that this court grant her leave to file an Amended Complaint to correct any deficiencies identified by the Court in its order.

## DEMAND FOR TRIAL BY JURY

Ms. Cheek hereby demands a trial by jury of all facts so triable as matter of law.

Dated: June 10, 2020.   Respectfully Submitted,

*/s/ LeGretta F. Cheek*

LeGretta F. Cheek
113 Indian Trail Rd. N, Suite 100
Indian Trial, North Carolina 28079
704.578.4889
lcheek9167@aol.com
*Pro Se Plaintiff*

## **WORD COUNT CERTIFICATION**

The undersigned certifies that the Plaintiff's Opposition for Motion to Dismiss does not exceed 4,500 words allowed text.

Dated June 10, 2020.     Respectfully Submitted,

*LeGretta F Cheek* (signature)
_____
LeGretta F. Cheek
113 Indian Trail Rd N, Suite 100
Indian Trial, North Carolina 28079
704.578.4889
lcheek9167@aol.com
*Pro Se Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify this **PLAINTIFF'S OPPOSITION TO DEFENDANT GURSTEL LAW FIRM, P.C., WHITNEY M. JACOBSON AND JESSE VASSALLO LOPEZ MOTION TO DISMISS** was **hand-delivered** on Wednesday, June 10, 2020, to the United States District Court, Western District Court of North Carolina, 401 West Trade Street, Room 216, Charlotte, North Carolina 28202. The Attorneys of records has access to the Clerk of Court electronic CM/ECF system, which will transmit an email notification of such filing to the following attorneys of record:

Tonya L. Urps
McGuireWoods LLP
201 N. Tryon Street, Suite 3000
Charlotte, NC 28202
turps@mcguirewoods.com
*Counsel for Bank of America, N.A.*

Alan M. Presel
Brock & Scott, PLLC
8757 Red Oak Blvd., Suite 150
Charlotte, NC 28217
alan.presel@brockandscott.com
*Counsel for Brock & Scott, PLLC and/or Birshari Cooper*

Caren D. Enloe
SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS LLP
P.O. Box 176010
Raleigh, NC 17601
cenloe@smithdebnamlaw.com
*Counsel for Defendants Gurstel Law Firm, P.C. Whitney M. Jacobson, Jesse Vassallo Lopez*

This is the 10th day of June, 2020.

Respectfully submitted,

*LeGretta J Cheek*

LeGretta F. Cheek
113 Indian Trail Rd. N Suite 100
Indian Trail, NC 28079
704-578-4889
lcheek9167@aol.com
*Pro Se Plaintiff*

# AFFIDAVIT UNDER OATH
# LEGRETTA F. CHEEK

_____
Affiant

I, Kim C. Green, notary public in Union County certify one (1) Exhibit herein is an exact copy other than the redactions of the original copies, has been redacted in front of me by LeGretta F. Cheek (**Affiant**) to be true and correct.

1. Affiant valid driver's licenses in the State of North Carolina. Exhibit 9.

Union County, North Carolina

Signed and sworn to before me this day by LeGretta F. Cheek.

Date: June 10, 2020.

_____
Kim C. Green, Notary Public
My commission expires: October 21, 2022