# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-00182-RJC-DSC

| | |
|---|---|
| LEGRETTA F. CHEEK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| GURSTEL LAW FIRM P.C. et. al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on the following Motions:

1. Defendant Bank of America N.A.'s "Motion to Dismiss" (document #15),

2. Defendants Brock & Scott PLLC and Cooper's "Motion to Dismiss" (document #25), and

3. Defendants Gurstel Law Firm P.C., Jacobsen and Lopez's "Motion to Dismiss" (document #27), as well as the parties' briefs and exhibits.

On June 12, 2020, Plaintiff voluntarily dismissed her claims against Defendant Bank of America N.A. with prejudice. Document #37. Accordingly, Defendant Bank of America N.A.'s Motion to Dismiss (document #15) is administratively denied as moot.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and the remaining Motions to Dismiss (documents ## 25 and 27) are ripe for determination.

1

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motions to Dismiss be <u>granted</u> as discussed below.

## I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This is an action challenging a judgment entered in Arizona state court. The Court takes judicial notice of the public records attached to the Complaint and Defendants' Motions and briefs. Plaintiff alleges that she "incurred as alleged debt through a credit account with [Bank of America N.A.] … in the amount of $34,139.70. [Plaintiff] subsequently defaulted on [the] allege [sic] … account." The remaining Defendants were retained by Bank of America to bring a collection action in state court and execute on the resulting judgment.

The collection action was filed in Maricopa County Superior Court on December 6, 2018. Exhibit 1 to Complaint (document #1). On February 8, 2019, Plaintiff was personally served. Exhibit 2 to Complaint (document #1). On October 2, 2019, a $34,586 judgment was entered. Exhibit 3 to Complaint (document #1).

The Complaint alleges claims pursuant to the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 ("FDCPA") and the North Carolina Debt Collection Practices Act, §§ 75–50–75–56 ("NCDCPA"). The crux of Plaintiff's claims is that Bank of America "cannot go after the amount they improperly got in a judgment in the State of Arizona, including all the charges that were improperly gotten to being with." Complaint at 9 (document #1). In short, Plaintiff contends that Bank of America improperly obtained a state court judgment, thus rendering all post-judgment collection efforts unlawful.

## II. **DISCUSSION**

2

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

3

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490 U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

Plaintiff's Complaint is barred by the Rooker-Feldman doctrine which prohibits actions attacking state court judgments in federal court. This doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based upon losing party's claim that the state judgment itself violates the losers ... rights." Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994). See also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust

4

Company, 263 U.S. 413, 416 (1923). Whether evaluated as an attack on the judgment or the underlying proceedings, the Rooker-Feldman doctrine bars Plaintiff's action here.

Plaintiff's claims are also barred by the doctrine of collateral estoppel. Federal courts are required to "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the state from which the judgments emerged." Kremer v. Chemical Constr. Corp., 456 U.S. 461, 466 (1982). Accord Gray v. Federal National Mortgage Association, No. COA18-871, 2019 N.C. App. LEXIS 296 (N.C. Ct. App. Mar. 26, 2019).

For those reasons and the other reasons stated in Defendants' briefs, the undersigned respectfully recommends that their Motions to Dismiss be granted.

## III. ORDER

**IT IS HEREBY ORDERED** that:

1. Defendant Bank of America N.A.'s "Motion to Dismiss" (document #15) is administratively **DENIED AS MOOT**.

2. All further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendants Brock & Scott PLLC and Cooper's "Motion to Dismiss" (document #25) and Defendants Gurstel Law Firm P.C., Jacobsen and Lopez's "Motion to Dismiss" (document #27) be **GRANTED** and the Complaint be **DISMISSED WITH PREJUDICE**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to pro se Plaintiff, counsel for Defendants, and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: July 1, 2020

David S. Cayer
United States Magistrate Judge

7