FILED
CHARLOTTE, NC

JUL 13 2020

US DISTRICT COURT
WESTERN DISTRICT OF NC

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### CASE NO.: 3:20-cv-00182-RJC-DSC

LEGRETTA F. CHEEK,

        **Plaintiff,**

**vs.**

BANK OF AMERICA, N.A., JOHN DOE,
GURSTEL LAW FIRM, P.C.,
WHITNEY M. JACOBSON,
JESSE VASSALLO LOPEZ, BROCK &
SCOTT, PLLC,
BIRSHARI COOPER,

        **Defendants.**

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RECONSIDER

**COME NOW** Plaintiff LeGretta F. Cheek ("Cheek") moves this Court for an Order to reconsider its Order granting Defendants Brock & Scott PLLC, Birshari Cooper, Gurstel Law Firm, P.C., Whitney M. Jacobsen and Jesse Vassallo Lopez's Motion to Dismiss to Ms. Cheek's Original Complaint filed on March 23, 2020.

Ms. Cheek pro se respectfully states the following:

## PROCEDURAL BACKGROUND

1.     On March 23, 2020, Ms. Cheek initiated this action by filing a Complaint against Bank of America, N.A.("BANA"), Brock & Scott PLLC ("B&S"), and Birshari Cooper ("Cooper") for violation of the Fair Debt Collections Practices Act ("FDCPA") and North Carolina Debt Collection Practices Act ("NCDCPA"), and  Gurstel Law Firm, P.C.

("Gurstel"), Whitney M. Jacobsen ("Jacobsen") and Jesse Vassallo Lopez ("Lopez"), for violation of the FDCPA ("the Original Complaint"). [Doc. 1].

2.     On April 13, 2020, BANA filed a "Motion to Dismiss". [Doc. 15].

3.     On May 15, 2020, B&S and Cooper filed a "Motion to Dismiss". [Doc. 25].

4.     On May 18, 2020, Gurstel, Jacobson, and Lopez filed a "Motion to Dismiss". [Doc. 17].

5.     On June 12, 2020, Ms. Cheek voluntarily filed a "Motion to Dismiss" with prejudice on June 16, 2020, against BANA. [Doc. 37].

6.     On July 1, 2020, by Order this Court granted Defendants "Motion to Dismiss" with prejudice (the "Order"). [Doc. 40].

## ARGUMENT AND BRIEF IN SUPPORT

7.     Ms. Cheek's case in the Court of Appeals in the State of Arizona, Division One, case number 1:CA-CV 20-0097 is under appeal which has been delayed due to the COVID-19 situation. The issue before the Appellant Court is one of jurisdiction as to whether the Arizona Court had jurisdiction over Ms. Cheek which was impossible since Ms. Cheek is and has been a thirty (30) plus years resident in the State of North Carolina.

## I. Collateral Estoppels and Res Judicata doctrines are not applicable for Motion to Dismiss and must be reconsidered.

8.     Ms. Cheek's Arizona appeal itself is based on the fact that the entire Arizona case was ruled without jurisdiction by the Court because Ms. Cheek was not a citizen of Arizona.

9.     Ms. Cheek's state case that was adjudicated in Arizona is pending appeal for lack of jurisdiction, and therefore it cannot be *collateral estoppel* and *res judicata* because nothing has been finalized.

10.    Given that the *collateral estoppel* and *res judicata* doctrines are completely irrelevant to this case, there is no bar to grant a Motion to Dismiss.

## II. Rooker-Feldman doctrine is not applicable for Motion to Dismiss and must be reconsidered.

11.     The doctrine of *Rooker-Feldman* does not apply because the claim brought in

Ms. Cheek's original Complaint is for the Defendants behavior of the FDCPA. The

matter of FDCPA did not arise in the State Arizona case, much less adjudicated in

Arizona. The *Rooker-Feldman* doctrine is wholly inapplicable and its smoking mirror

arguments from the Defendants.

12.     Given that the *Rooker-Feldman* doctrine is completely irrelevant to this case, there is no

bar to grant a Motion to Dismiss.

## CONCLUSION

Until such time Ms. Cheek's Arizona appeal has run its course which was delayed in

multiple ways by COVID-19, there can be no *collateral estoppel*, nor *res judicata*, nor *Rooker*

*Feldman* doctrines because that would be based on a judgment that is under appeal.

**WHEREFORE**, for the foregoing reasons and the reasons sets forth in Ms. Cheek's

Memorandum and Recommendation to be reconsidered, and Ms. Cheek be granted the

opportunity to amend her Original Complaint to correct any deficiencies identified by Court in

its order.

Respectfully submitted this 13th day of July, 2020.

LeGretta F. Cheek
113 Indian Trail Rd N, Suite 100
Indian Trial, North Carolina 28079
704.578.4889
lcheek9167@aol.com
Plaintiff *pro se*

# CERTIFICATE OF SERVICE

I hereby certify this **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RECONSIDER** was **hand-delivered** on **Monday, July 13, 2020**, to the United States District Court, Western District Court of North Carolina, 401West Trade Street, Room 216, Charlotte, North Carolina 28202. The Attorneys of records has access to the Clerk of Court electronic CM/ECF system, which will transmit an email notification of such filing to the following attorneys of record:

Tonya L. Urps
McGuireWoods LLP
201 N. Tryon Street, Suite 3000
Charlotte, NC 28202
turps@mcguirewoods.com
*Counsel for Bank of America, N.A.*

Alan M. Presel
Brock & Scott, PLLC
8757 Red Oak Blvd., Suite 150
Charlotte, NC 28217
alan.presel@brockandscott.com
*Counsel for Brock & Scott, PLLC and/or Birshari Cooper*

Caren D. Enloe
SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS LLP
P.O. Box 176010
Raleigh, NC 17601
cenloe@smithdebnamlaw.com
*Counsel for Defendants Gurstel Law Firm, P.C.*
*Whitney M. Jacobson, Jesse Vassallo Lopez*


This is the 13th day of July, 2020.

Respectfully submitted,

LeGretta F. Cheek
113 Indian Trail Rd. N Suite 100
Indian Trail, NC 28079
704-578-4889
lcheek9167@aol.com
Plaintiff *pro se*