LEGRETTA F. CHEEK,          )
                          )
      Plaintiffs,           )
                          )
        v.                )
                          )      ORDER
GURSTEL LAW FIRM P.C. et al.,    )
                          )
      Defendants.      )
                          )
                          )

**THIS MATTER** comes before the Court Defendants Brock & Scott PLLC and Cooper's Motion to Dismiss, (Doc. No. 25), Defendants Gurstel Law Firm P.C., Jacobsen and Lopez's Motion to Dismiss (Doc. No. 27), the parties' briefs on these motions, (Doc. Nos. 26, 28, 31, 32, 34, 35, and 39), the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 40), recommending that this Court grant both Motions to Dismiss, Plaintiff's Objection to the M&R, (Doc. No. 41), and Defendants' Replies to the objection, (Doc. Nos. 42, 43).

## I.    BACKGROUND

Although Plaintiff has filed an objection to the recommendations of the M&R, no party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in M&R.

## II.    STANDARD OF REVIEW

The district court has authority to assign non-dispositive pretrial matters

1

pending before the Court to a magistrate judge to "hear and determine." 28 U.S.C. § 636(b)(1)(A). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). De novo review is not required by the statute when an objecting party makes only general or conclusory objections that do not direct a court to a specific error in the recommendations. Orpiano v. Johnson, 687 F.2d 44 (4th Cir. 1982). Further, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 178 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly, this Court has conducted a review of the Magistrate Judge's M&R.

## III.  DISCUSSION

The Magistrate Judge recommended that this Court grant Defendants' Motions to Dismiss with prejudice. (Doc. No. 40). Plaintiff filed a timely objection on the basis that Collateral Estoppel and Rest Judicata doctrines are not applicable and that the Rooker-Feldman doctrine is not applicable. (Doc. No. 41).

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint. Fannie Mae v. Quicksilver LLC, 155 F. Supp. 3d 535, 542 (M.D.N.C. 2015). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Facial plausibility means allegations that

2

allow the court to draw the reasonable inference that defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.

At the same time, specific facts are not necessary—the complaint need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. Additionally, when ruling on a motion to dismiss, a court must accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007). Nonetheless, a court is not bound to accept as true legal conclusions couched as factual allegations. Papasan v. Allain, 478 U.S. 265, 286 (1986). "Courts cannot weigh the facts or assess the evidence at this stage, but a complaint entirely devoid of any facts supporting a given claim cannot proceed." Potomac Conference Corp. of Seventh-Day Adventists v. Takoma Acad. Alumni Ass'n, Inc., 2 F. Supp. 3d 758, 767–68 (D. Md. 2014). Furthermore, the court "should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

### 1. Collateral Estoppel and Res Judicata Apply to This Case

Plaintiff's first objection is that collateral estoppel and res judicata are both improper because the Arizona case is under appeal for lack of jurisdiction, and therefore Plaintiff argues that the holding in the superior court is not final. (Doc. No. 41 at ¶¶ 8-10). "Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Corbett v. ManorCare

of Am., Inc., 213 Ariz. 618, 624, 146 P.3d 1027, 1033 (Ct. App. 2006); (quoting

Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 973 (1979)).

> [T]hough the federal courts may look to the common law or to the policies supporting res judicata and collateral estoppel in assessing the preclusive effect of decisions of other federal courts, Congress has specifically required all federal courts to give preclusive effect to state–court judgments whenever the courts of the State from which the judgments emerged would do so.

Allen v. McCurry, 449 U.S. 90, 96, 101 S. Ct. 411, 415, 66 L. Ed. 2d 308 (1980).

Under Arizona Law, a judgment becomes final upon a court entering judgment, and that finality remains unchanged despite a pending appeal. Murphy v. Bd. Of Med. Examiners of State of Ariz., 190 Ariz. 441, 449, 949 P.2d 530, 538 (Ct. App. 1997). Here, the court in Arizona has entered judgment and the case is pending appeal. As a result, under Arizona law, the judgment in question is final, and Plaintiff's contentions that Collateral Estoppel and Res Judicata do not apply to this case are incorrect.

### 2. The Rooker-Feldman Doctrine Is Applicable to This Case

The Rooker–Feldman doctrine generally prohibits lower federal courts from reviewing state court decisions. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The purpose of the doctrine is to prevent the exercise of appellate jurisdiction of lower federal courts over state-court judgments. Verizon Md. Inc. v, Public Serv. Comm'n of Md., 535 U.S. 635, 644 n. 3 (2002). "[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in the United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De

4

Grandy, 512 U.S. 997, 1005–06 (1994).  This prohibition extends not only to issues decided by a state court but also to those issues "inextricably intertwined with questions encompassed by such rulings." Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997).  A federal claim is inextricably intertwined with a state court where, "in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual." Jordahl v. Democratic Party of Va., 122 F.3d 192, 202 (4th Cir.1997) (internal quotation marks omitted).

Plaintiff claims that the Rooker-Feldman doctrine does not apply because the Complaint states a claim under the Fair Debt Collection Practices Act (FDCPA). (Doc. No. 41 at ¶ 11). Plaintiff fails to recognize, as Defendants point out, that Rooker-Feldman also applies in instances where the issues are "inextricably intertwined." Plyler, at 731. Plaintiff does not object to the Magistrate's Order's summarization of the events that "Plaintiff contends that Bank of America improperly obtained a state court judgment, thus rendering all post-judgment collection efforts unlawful." (Doc. No. 40 at 2). Plaintiff's FDCPA claims rely on the argument that Bank of America's collection efforts were unlawful because of an improperly obtain court judgment.  As a result, the issues raised in the Arizona Court case are inextricably intertwined, because this Court could not adjudicate the claim before it without either determining that the state court's judgment was erroneously entered or rendering the state court's judgment ineffectual. claims stated in Jordahl requiring that a federal court must

determine that the state court's judgment was erroneously entered. <u>Jordahl</u>, 122 F.3d at 202.

## IV.  CONCLUSION

After reviewing the M&R and the portions to which Plaintiff filed an objection, the Court concludes that the M&R's recommendations are correct and in accordance with law. Accordingly, the findings and conclusions of the Magistrate Judge are accepted.

**IT IS, THEREFORE ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 40), is **ADOPTED;**

2. Defendants Brock & Scott PLLC and Cooper's Motion to Dismiss (Doc. No. 25), is **GRANTED;**

3. Defendants Gurstel Law Firm P.C., Jacobsen and Lopez's Motion to Dismiss, (Doc. No. 27), is **GRANTED;**

4. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE.**

**SO ORDERED.**

Signed: August 16, 2021

Robert J. Conrad, Jr.
United States District Judge

6